683 P.2d 301

**James R. CASSEL, Jr. and Robyn Cassel, husband and wife, Plaintiffs/Appellants,**

v.

**Carl SCHACHT and Jane Doe Schacht, husband and wife, Defendants,**

**and**

**Progressive Casualty Insurance Company, Garnishee/Appellee.**

**No. 2 CA–CIV 4881.**

Court of Appeals of Arizona, Division Two.

Jan. 25, 1984.

Review Granted May 1, 1984.

Corey, Farrell & Bogutz, P.C. by Barry M. Corey, Tucson, for plaintiffs/appellants.

Leonard Everett, Tucson, for garnishee/appellee.

## OPINION

HATHAWAY, Judge.

Plaintiff/appellant James Cassel was struck by a car driven by Carl Schact and sued Schact for negligent operation of an automobile. Appellant was successful at trial and the jury awarded him $7,000 in compensatory damages and $1,800 in punitive damages. Appellee Progressive Casualty Insurance Company, Schact's insurer, paid the $7,000 compensatory award and court costs but refused to pay the judgment for punitive damages. Appellant garnished the insurance contract between Schact and appellee, and appellee answered the garnishment by alleging that it owed nothing further to Schact under the contract based on the following sentence located in the contract:

> "*We* will pay, on behalf of an insured person, damages, other than punitive damages, for which any *insured person* is legally liable because of *bodily injury* and *property damage* caused by accident

and arising out of the ownership, maintenance or use of your *insured car* or *utility trailer.*" (Emphasis in original) After a show cause hearing, the court quashed the garnishment writ, finding that appellee was not obligated to pay any amount for punitive damages under the insurance policy. The appeal arises from this finding.

The Safety Responsibility Act, A.R.S. § 28–1101, et seq., requires that all motorists prove some minimum financial security, see A.R.S. § 28–1251–60 (as amended), as through the purchase of motor vehicle liability insurance, before being permitted to use a motor vehicle. If an automobile insurance policy is the security chosen by the motorist, A.R.S. § 28–1170(B) requires that the policy insure the vehicle owner and any driver using the vehicle with permission "against loss from the liability imposed by law for damages" resulting from ownership, maintenance or use of the vehicle. A.R.S. § 28–1170(B)(2). Further, it requires that the policy protect against losses of "[f]ifteen thousand dollars *because of bodily injury to or death of one person in any one accident.*" A.R.S. § 23–1170(B)(2)(a). (Emphasis added) The policy "need not insure ... liability for damage to property or bodily injury caused intentionally by or at the direction of the insured." A.R.S. § 28–1170(E).

Appellant contends in the sole issue raised on appeal that, where the combined total of compensatory and punitive damages awarded is less than the minimum $15,000 coverage, the statute requires the insurance carrier to pay the punitive as well as compensatory damages. Appellant acknowledges that appellee expressly limited its liability coverage by excluding punitive damages but contends that this exclusionary clause is in derogation of the statutory language and therefore void. These arguments raise a question of first impression in Arizona.

The Safety Responsibility Act was designed to protect people using the highways "from financial hardship which may result from the use of automobiles by fi-

nancially irresponsible persons." *Schecter v. Killingsworth*, 93 Ariz. 273, 280, 380 P.2d 136, 140 (1963). The primary purpose was to provide "security against *uncompensated* damages arising from operation of motor vehicles on our highways." 93 Ariz. at 285, 380 P.2d at 144 (Emphasis added). The underlying purpose of substantially similar legislation in other jurisdictions is also the protection of motorists against injuries incurred during the operation of a motor vehicle. See e.g., *American Surety Company of New York v. Gold*, 375 F.2d 523 (10th Cir.1966)(discussing Kansas law); *Wildman v. Government Employees' Insurance Co.*, 48 Cal.2d 31, 307 P.2d 359 (1957).

The language from A.R.S. § 28–1170 quoted above implements this underlying purpose. The general phrase in subsection B, paragraph 2, requiring that motor vehicle liability insurance insure "against loss from the liability imposed by law for damages," is limited in scope by the language of paragraph 2, subpart (a), emphasized above, and includes minimum coverage of $15,000 only for bodily injury or death. Punitive damages are not expressly included and the language of A.R.S. § 28–1170(E) appears to authorize their exclusion.

Appellant's contention that the exclusion of punitive damages in the insurance contract was in derogation of the statute is without merit. Concomitant with the purpose of the act as stated above is the practice of permitting an insurer and its insured to agree on specific, expressed limitations to the insurance coverage, provided the limitations meet the requirements of the act. See e.g., *Arceneaux v. State Farm Mutual Automobile Insurance Co.*, 113 Ariz. 216, 550 P.2d 87 (1976)(household exclusion); *New York Underwriters Insurance Company v. Superior Court*, 104 Ariz. 544, 456 P.2d 914 (1969)(upheld exclusion of insured's own personal injuries); *Schwab v. State Farm Fire & Casualty Co.*, 27 Ariz.App. 747, 558 P.2d 942 (1976)(upheld exclusion of insured's bodily injuries); *Caballero v. Farmers Insurance Group*, 10 Ariz.App. 61, 455 P.2d 1011 (1969)(upheld exclusion of certain medical

expenses). In *Price v. Hartford Accident and Indemnity Company*, 108 Ariz. 485, 502 P.2d 522 (1972), our supreme court held that an insurance company that voluntarily uses broad language in its policy and fails to specifically exclude punitive damages from the policy coverage may be liable for punitive damages awarded against its insured. Of importance to the instant case is language from 7 Appleman's Insurance Law and Practice, § 4312, quoted with approval by the supreme court in *Price:*

> " 'Of course, a policy could expressly exclude liability arising from wilful and wanton acts.... The author does not expect many decisions upon [such] clauses ... because as soon as the public became educated by competing agents to the limitations upon that policy, the public would refuse to accept it, and it would be unsaleable.'

> On page 86 of the cumulative supplement to volume 7 of Appleman's work, we find the following:

> 'In any event a court should not aid an insurer which fails to exclude liability for punitive damages. Surely there is nothing in the insuring clause that would forewarn an insured that such was to be the intent of the parties.' " 108 Ariz. at 488, 502 P.2d at 525.

We conclude that an insurer and its insured may expressly exclude coverage for punitive damages. Since the statute is compensatory in nature and the insurance contract excludes coverage for punitive damages, the victim may not recover punitive damages from the defendant's insurer.

Affirmed.

BIRDSALL, C.J., and HOWARD, J., concur.