262 P.2d 250

**JONES et al. v. QUEEN INS. CO.**

No. 5654.

Supreme Court of Arizona.

Oct. 19, 1953.

Arthur L. Goodmon and Milton L. Ollerton, Phoenix, for appellants.

McKesson & Renaud, Phoenix, for appellee.

WINDES, Justice.

Appeal by Paul Jones and Carl Bowers doing business as Paul Jones Car Company

from an order denying them an allowance for expenses and attorney's fees incurred in an appearance to take depositions in which one of the witnesses failed to appear. The matter has its origin in Queen Insurance Company v. Jones, 76 Ariz. 198, 262 P.2d 241. Appellants will be designated as defendants and appellee as plaintiff.

Counsel for the plaintiff gave notice that he would take the deposition of Mr. and Mrs. Ben L. Johnston and C. J. Sloan on September 21, 1951. Because this date was unsatisfactory to defendants' counsel, the parties stipulated that the depositions be taken before a notary public in and for the parish of Orleans, Louisiana, on the 9th day of October, 1951. On the day and hour designated, defendant Jones and his counsel appeared at the office of Mr. Bienvenu, an attorney representing the plaintiff in New Orleans, Louisiana. For some reason the taking of the depositions was delayed until four o'clock. Mrs. Ben L. Johnston never appeared. The depositions of the other two witnesses were taken and Mr. Johnston, by way of explanation of his wife's absence, said that he had told Mr. Bienvenu he had a handicapped child; that the wife was home alone with him and she had no one with whom to leave the child. Upon the completion of the taking of the depositions of the two witnesses present, the following transpired between counsel:

"Mr. Bienvenu: I may say now, if you would like to examine Mrs. Johnston, we will be happy to adjourn this meeting and go to her house.

"Mr. Goodmon: I don't want to go to the house now to examine her. If she were here, I would like very much to examine her to see what she knows about it, but to go out to the house now is beyond the precincts of this deposition."

The defendants moved for an order requiring the plaintiff to pay the defendants' reasonable expenses and attorney's fees incurred in the taking of the depositions, upon the ground that the witness, Mrs. Ben L. Johnston, failed to appear; that plaintiff failed to serve her with a subpoena and that plaintiff excused the witness from appearing. This motion was denied and defendants appeal, assigning the ruling of the trial court as error.

Defendants base their right to the allowance upon the provisions of Rule 30(g), Rules of Civil Procedure, Section 21–725, A.C.A.1939, which reads as follows:

"(1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court *may* order the party giving the notice to pay to such other party the amount of the reasonable expenses incurred by him and his attorney in so attending, including reasonable attorney's fees.

"(2) If the party giving the notice of the taking of a deposition of a wit-

ness fails to serve a subpoena upon him and the witness because of such failure does not attend, and if another party attends in person or by attorney because he expects the deposition of that witness to be taken, the court *may* order the party giving the notice to pay to such other party the amount of the reasonable expenses incurred by him and his attorney in so attending, including reasonable attorney's fees." (Emphasis supplied.)

Defendants would have us read the word "may" as "must" in the foregoing rule and, thus interpreted, give compelling force thereto and under the circumstances here related require the allowance asked. To this we cannot subscribe. Whether an allowance is to be made is discretionary with the trial court, and if there be any reasonable basis for the exercise of such discretion, his judgment will not be disturbed. We will not go so far as to say, as urged by the plaintiff, that merely because the depositions were to be taken on stipulation, the one seeking the same had no obligation to require the attendance of witnesses or that a waiver of formalities was a waiver of the necessity of the witnesses' attendance; but where it was stipulated that the deposition be taken in New Orleans and where opportunity was offered the defendants to take the same at her home instead of at the identical place of taking the others, and such opportunity was rejected without good reason, the trial court was fully justified in refusing the requested allowance. When depositions are taken on stipulation there is some mutual obligation of reasonable cooperation to effect the object of the stipulation.

The judgment is affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.