519 P.2d 66

**ALLSTATE INSURANCE COMPANY,**
a corporation, Appellant,

v.

**Richard M. COOK, Appellee.**

**No. 2 CA–CIV 1439.**

Court of Appeals of Arizona,
Division 2.

March 4, 1974.

Rehearing Denied April 3, 1974.

Review Denied April 23, 1974.

Claborne & Severyn by John L. Claborne, Tucson, for appellant.

Waterfall, Economidis, Caldwell & Hanshaw, P. C. by Peter Economidis, Tucson, for appellee.

OPINION

HATHAWAY, Chief Judge.

The appellant-insurer (hereinafter referred to as Allstate) seeks reversal of a superior court judgment confirming an arbitration award in favor of appellee (hereinafter referred to as Cook).

Cook, while riding as a passenger in an automobile driven by Galvez and owned by

Garcia, was injured when the car was involved in a collision with an uninsured vehicle driven by Soto. The Galvez-driven vehicle was insured by Farmers Insurance Exchange and Allstate had issued an automobile liability insurance policy, including uninsured motorist coverage, to Cook's father.

After the accident in question, Farmers paid Cook $10,000 and Cook executed a release of Farmers. Cook then made demand upon Allstate to pay the limit of its uninsured motorist coverage to him. On December 22, 1969, Cook filed a demand for arbitration pursuant to the following provision in the Allstate policy:

> "If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

February 8, 1971 was set as the date for the arbitration hearing. On January 26, 1971, Allstate filed a lawsuit against Cook alleging in part that since Cook had been paid $10,000 under the uninsured motorist coverage of the Farmer's policy, there was no coverage under the Allstate policy and requested a declaration as to its obligation to Cook arising out of its insurance policy. Allstate also filed a petition to stay the arbitration proceeding. Cook responded with a motion to dismiss and to compel arbitra-

tion. The arbitration hearing was held as scheduled on February 8, 1971, and thereafter on February 23, 1971 the court ruled as follows on the motion to dismiss the declaratory judgment action:

> "It is hereby ordered that the Motion is granted, and the Complaint is ordered dismissed without prejudice to the rights of the Plts. to have the Superior Court hear and determine any matters properly presented to it with reference to any award resulting from the arbitration proceeding.
>
> The portion of the Motion requesting the Court to compel arbitration is moot since the Court was formed by both counsel that the arbitration has actually been held."

At the commencement of the arbitration hearing, counsel for Allstate argued that the arbitrator was without jurisdiction to determine Allstate's liability under the insurance policy because Allstate denied the existence of coverage under such policy. He contended that the arbitration provision of the insurance policy did not authorize submission of coverage issues to arbitration. The partial transcript of the hearing reflects that the arbitrator intended to decide whether or not there was coverage:

> "Well, I am going to take into account the fact that Cook has received $10,000 already and what I mean by that is, for example, if I find that the person is entitled to $15,000, he will get $5,000."

On March 4, 1971 the arbitrator made his award directing Allstate to pay Cook the sum of $10,000, expressly finding that Cook was damaged in excess of $20,000. Allstate did not pay the sum awarded whereupon Cook applied for confirmation of the arbitration award. Allstate opposed the application alleging that the arbitrator had exceeded his power and acted beyond his jurisdiction.[1] The matter was duly heard and the judgment confirming the ar-

---

1. Allstate asserted other bases for its opposition which, in view of our disposition of this appeal, we need not consider.

bitrator's award resulted. This appeal followed.[2]

■ The pivotal question is whether or not the arbitrator had authority to decide, as he apparently decided, the question of coverage. An arbitrator's authority is generally circumscribed by the agreement from which his power to act is derived. 6 C.J.S. Arbitration and Award § 48. An arbitration agreement may give the arbitrator full power to decide both questions of law and fact. Funk v. Funk, 6 Ariz. App. 527, 434 P.2d 529 (1967) cert. den. 393 U.S. 829, 89 S.Ct. 95, 21 L.Ed.2d 100.

■ We agree with appellee that the public policy of Arizona favors arbitration as a means of disposing of controversy. Jeanes v. Arrow Ins. Co., 16 Ariz.App. 589, 494 P.2d 1334 (1972). Notwithstanding such public policy, an arbitrator cannot resolve issues dehors the scope of the submission agreement. Since Allstate vehemently contested the arbitrator's authority to decide the legal question of coverage, resolution of this appeal depends upon whether the arbitration provision in the policy encompasses a dispute as to coverage.

We believe the arbitration clause is a clear and unambiguous agreement to submit certain disputes, and only those disputes, to an arbitrator. As succinctly stated by the Illinois Supreme Court in Flood v. Country Mutual Ins. Co., 41 Ill.2d 91, 242 N.E.2d 149 (1968):

> "[P]arties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication. We hold, consistent with the vast majority of jurisdictions which have considered this question, that the arbitration agreement contained in the instant policy is limited to the issues of the liability of the uninsured motorist to the insured and the amount thereof." (242 N.E.2d at 151).

Under the arbitration clause in the Allstate Insurance policy, if the insured and Allstate fail to agree that the insured is legally entitled to recover damages from the uninsured motorist, or if they cannot agree on the amount of the insured's damages, then those matters and those matters alone are to be determined by arbitration. The policy does *not* provide for or require arbitration of other matters which may be in dispute between the insured and Allstate concerning the insurance policy. It is not the right to recover damages from the insurance company which is made arbitrable, but the right to recover damages from the uninsured motorist. Frager v. Pennsylvania General Ins. Co., 155 Conn. 270, 231 A.2d 531 (1967). Therefore the arbitrator exceeded his jurisdiction when he determined that Cook had a right to recover a specified sum from Allstate.

■ An arbitrator's award is not conclusive as to matters which are not the subject of arbitration. 44 Am.Jur.2d Insurance § 1720. Where the question of coverage is not subject to arbitration, the arbitrator's finding with respect thereto is not conclusive and the insurer is entitled to litigate the question of coverage. 6 Appleman, Insurance Law and Practice § 3949.

For the foregoing reasons, the trial court erred in confirming the arbitrator's award. The judgment is reversed and the cause remanded to permit litigation of the coverage question and for further proceedings not inconsistent herewith.

Reversed.

KRUCKER and HOWARD, JJ., concur.

---

2. On July 29, 1971, Allstate commenced another suit for declaratory judgment as to coverage and requested that the arbitrator's award be set aside. On October 12, 1971 Cook filed both the application for confirmation of the arbitration award and a motion to dismiss Allstate's declaratory judgment action. On January 28, 1972 an order was entered granting of the motion to dismiss. The granting of the motion to dismiss, however, was merely an unappealable interlocutory order. Reed v. Coyner CropDusters, 83 Ariz. 153, 317 P.2d 944 (1957); Meloy v. Saint Paul Mecury Indemnity Co., 72 Ariz. 406, 236 P.2d 732 (1951). It therefore lacked the requisite finality for purposes of res judicata.