519 P.2d 1162

**Leo W. MIGNEAULT, Appellant,**

**v.**

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

**No. 2 CA–CIV 1530.**

Court of Appeals of Arizona, Division 2.

March 18, 1974.

Whitehill, Berger & Karp, P. C. by David D. West, Tucson, for appellant.

Fish, Briney, Duffield & Miller by Arthur H. Miller, Tucson, for appellee.

OPINION

HATHAWAY, Chief Judge.

The sole question presented in this appeal is whether a party's introduction of evidence upon an issue in an arbitration hearing will result in a waiver of the right to later question the arbitrability of that issue in a court of law.

Plaintiff-appellant Leo W. Migneault (hereinafter referred to as "insured") en-

**398**

tered into an automobile insurance contract with defendant-appellee United Services Automobile Association (hereinafter referred to as "United") sometime prior to November 16, 1971. The policy provided for uninsured motorist coverage. On November 16, 1971, while the policy was in effect, the insured was involved in an automobile accident with Thomas Galvin. Claiming that Galvin was an "uninsured motorist", the insured filed a demand for arbitration in July 1972, pursuant to the following provision of the policy:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under Part IV, then the matter or matters upon which such person and the company do not agree may, by agreement, be settled by arbitration in accordance with the rules of The American Arbitration Association, unless other means of conducting the arbitration are agreed to between the insured and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

On November 20, 1973, an arbitration hearing was held. The arbitrator denied the insured's claim upon the following written findings:

"The evidence at the hearing indicated that the adverse driver, Thomas Galvin, did not have liability insurance at the time of the accident. However, Mr. Galvin was driving the automobile of his employer, Maurice Busby, and there was no evidence presented with regard to whether Mr. Busby had liability insurance covering the automobile involved. It is my feeling that based upon this lack

of evidence, it is incumbent upon me to find for the respondent."

On January 3, 1973, the insured filed a "Complaint to Vacate Arbitration Award" in the Superior Court of Pima County. The complaint sought a court order denying confirmation of the award on the ground that the arbitrator had exceeded his powers [see A.R.S. § 12–1512(A)(3)]. Both the insured and United moved for summary judgment. The court granted United's motion and dismissed the complaint.

In Allstate Insurance Company v. Cook, 21 Ariz.App. 313, 519 P.2d 66 (filed March 4, 1974), we held that an arbitration clause identical to that quoted above provided for arbitration of only two issues: (1) whether the insured would be legally entitled to recover from the uninsured motorist and (2) the amount of the insured's damages. We specifically held that the arbitrator was not empowered under the clause to rule upon the question of coverage (i. e., whether the other automobile was uninsured).

United admits that under the policy the insured is ordinarily entitled to have the coverage question litigated in a court of law. However, it contends that the insured, in this instance, waived that right by introducing testimony tending to show that Galvin was uninsured and by not seeking a stay of the arbitration proceedings (see A.R.S. § 12–1502) until such time as the coverage issue was judicially determined. In support of this contention, United attached to its motion for summary judgment the following affidavit of the arbitrator:

"NORRIS L. GANSON, being first duly sworn, upon his oath deposes and says:

That your affiant was the duly appointed, qualified, and acting Arbitrator in the arbitration matter of Leo W. Migneault and United Services Automobile Association, held on November 20, 1972. That during the course of said Arbitration Hearing, Mr. Leonard Karp as attorney for Leo W. Migneault testified that he had received a written communi-

cation from Mr. Willis Dees saying that Mr. Thomas Galvin had no liability insurance coverage for the accident in which Mr. Migneault was involved, and further testified that he (Mr. Karp) had received written communication from the Arizona Division of Motor Vehicles to the effect that Mr. Galvin had not met the requirements of the Financial Responsibility Laws of the State of Arizona.

That at said Arbitration Hearing, there was further evidence educed by way of the testimony of Mr. Thomas Galvin that at the time of the incident he was driving an automobile owned by his employer, Maurice Busby; that his employer had a contract to deliver the United States Mail in the area where the accident occurred; and that Mr. Galvin was acting within the scope and course of his employment and engaged in delivering the United States Mail at the time of the incident. Mr. Galvin further testified that while he had no liability insurance coverage, he had no knowledge as to whether his employer, Mr. Busby, had auto liability insurance coverage on the vehicle which he, Mr. Galvin, was driving, and that he (Mr. Galvin) had never discussed the question of insurance with Mr. Busby."

The insured, in opposition to the motion, presented no supporting affidavits tending to contradict the above statement concerning the evidence.[1]

Since the uncontradicted affidavit establishes that the insured introduced evidence bearing upon the coverage issue, we must decide whether, as a matter of law, such an act constitutes a waiver of his right to later challenge the arbitrator's jurisdiction to decide this issue.

█ The statutory authority for abitration of private disputes in this jurisdiction is found in the Uniform Arbitration Act,

A.R.S. § 12–1501 et seq., adopted in 1962. Section 12–1501, in providing that written agreements to arbitrate are "valid, enforceable, and irrevocable" has led our courts to properly conclude that an arbitrator's power to decide a controversy is generally circumscribed by the agreement from which his power to act is derived. Allstate Insurance Company v. Cook, supra; Bacchus v. Farmers Insurance Group Exchange, 12 Ariz.App. 1, 467 P.2d 76 (1970), rev'd on other grounds, 106 Ariz. 280, 475 P.2d 264 (1970). However, § 12–1512(A)(5) provides in part as follows:

"Upon filing of a pleading in opposition to an award, and upon an adequate showing in support thereof, the court shall decline to confirm and award and enter judgment thereon where:

\*     \*     \*     \*     \*     \*

5. There was no arbitration agreement and the issue was not adversely determined in proceedings under § 12–1502 [proceedings to compel or stay arbitration] and *the adverse party did not participate in the arbitration hearing without raising the objection . . . .* " (Emphasis added)

█ Thus, confirmation of an arbitration award is allowed as to a controversy despite the fact that there has been no agreement to arbitrate said controversy if the party opposing confirmation has participated in arbitration of the controversy without objection. In Verdex Steel and Const. Co. v. Board of Supervisors, 19 Ariz.App. 547, 550, 509 P.2d 240, 243 (1973), Division One of this court construed the above-quoted statutory language as follows:

". . . (O)ne who is not bound by contract to arbitrate and who voluntarily participates in an arbitration proceeding, without making a clear record of nonparticipation in the binding effects of the arbitration, is bound by the award to the same extent and under the same con-

---

1. The insured did submit an affidavit by his attorney stating that "Mr. Migneault did not agree to arbitrate any other issues other than that which was agreed to in said policy." This merely shows that there was no express agreement to arbitrate the issue of coverage.

**400**

ditions as a party to a written agreement to arbitrate."

■ Since it is undisputed that the insured participated in arbitration of the coverage issue without objection (i. e., he introduced evidence bearing upon the issue), the trial court was within its statutory power in confirming the arbitrator's decision as to coverage even though there was no written agreement to arbitrate the coverage issue.

The legislative recognition that a party to arbitration proceeedings waives any objection to the arbitrator's jurisdiction over an issue when he participates without objection in the arbitration of that issue is well-reasoned. It would be a tremendous waste of resources for a party to participate in arbitration of a controversy and, after it is resolved against him, to allow him to challenge in a judicial proceeding the arbitrator's power to decide the matter. Fairness demands that parties be bound by the arbitrator's decision on all issues which they willingly and without objection arbitrate although the issues transcend the formal arbitration agreement.

Although we base our decision upon the provisions of the Uniform Arbitration Act adopted by this jurisdiction, general case law on the subject is also instructive. The annotation at 33 A.L.R.3d 1242 (1970) sets forth most of the cases dealing with waiver of arbitrability. The author summarizes them as follows (33 A.L.R.3d at 1244):

"As a general rule, participation in an arbitration hearing on the merits of a dispute will result in waiver of the right to raise the issue of arbitrability after the arbitrators have made their decision." (Footnote omitted)

Another succinct statement of the principal is found in the following statement from United Buying Serv. Int. Corp. v. United Buying Serv., 38 A.D.2d 75, 327 N.Y.S.2d 7, 13 (1971), aff'd 30 N.Y.2d 822, 334 N.Y.S.2d 911, 286 N.E.2d 284 (1972):

"Where parties to an arbitration proceeding voluntarily submit and litigate therein on the merits matters not embraced within the expressed description of arbitrable disputes or matters as set forth in the written arbitration agreement, the submission and litigation amount to a waiver of the limitations of the arbitration agreement and give the arbitrator jurisdiction to determine the particular matter; and the parties will be bound by the award of the arbitrator thereon." (Citations omitted)

We have not found nor have we been cited to contrary authority.

The trial court was correct in granting United's motion for summary judgment and denying the insured's motion.

Affirmed.

KRUCKER and HOWARD, JJ., concur.