683 P.2d 294

**James R. CASSEL, Jr. and Robyn Cassel, husband and wife, Plaintiffs/Appellants,**

v.

**Carl SCHACHT and Jane Doe Schacht, husband and wife, Defendants,**

and

**Progressive Casualty Insurance Company, Garnishee/Appellee.**

**No. 17512–PR.**

Supreme Court of Arizona, En Banc.

May 29, 1984.

Corey, Farrell & Bogutz by Barry M. Corey, Tucson, for plaintiffs/appellants.

Leonard Everett, P.C. by Leonard Everett, Tuscon, for garnishee/appellee.

FELDMAN, Justice.

James and Robyn Cassel petition for review of a decision from the court of appeals, *Cassel v. Schacht,* 140 Ariz. 502, 683 P.2d 301 (1984) which affirms the action of the trial court in quashing a writ of garnishment served upon the garnishee/appellee, Progressive Casualty Insurance Com-

pany. The only issue presented is whether the Arizona Safety Responsibility Act requires that a motor vehicle liability policy cover punitive as well as compensatory damages under the minimum coverage required by A.R.S. § 28–1170(B)(2). If so, we must hold that Progressive's exclusion of coverage for punitive damages is contrary to public policy and void at least with respect to the minimum coverage required by law. The court of appeals held that coverage for punitive damages could be excluded. We granted review because the question is an important matter of first impression in the State of Arizona. Ariz.R.Civ. App.P. 23(c), 17A A.R.S. We have jurisdiction under Arizona Constitution article 6, Section 5(3) and Section 12–120.24, 4 A.R.S.

The facts are set forth in the opinion of the court of appeals. We agree with the result reached by that court. Plaintiffs argue, and we acknowledge, that the statute does not specifically cover the issue and that A.R.S. § 28–1170(B)(2) does require all policies to cover "the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle." Plaintiffs are also correct in arguing that subsection E of A.R.S. § 28–1170 does not authorize exclusion of coverage for punitive damages. However, as the court of appeals noted, the express requirement of § 28–1170(B)(2) is that the policy contain "[f]ifteen thousand dollars [coverage for] bodily injury to or death of one person in any one accident" and "thirty thousand dollars because of bodily injury to or death of two or more persons in any one accident."

 Legislative intent with respect to the narrow question presented here is impossible to ascertain; it is quite likely that the legislature did not advert to this precise problem in drafting the statute. In our view, however, the problem is properly solved by consideration of legislative objectives. These are correctly summarized in the opinion of the court of appeals and in our decisions in *Schecter v. Killingsworth*, 93 Ariz. 273, 380 P.2d 136 (1963) and *Jenkins v. Mayflower Insurance Exchange*, 93 Ariz. 287, 380 P.2d 145 (1963). The Safety Responsibility Act was enacted and its provisions made a part of all motor vehicle liability policies (even those not "certified," *Jenkins, supra*) with the objective of providing a fund for compensating victims of automobile accidents for their bodily injuries and property damage. Punitive damages are permitted, where appropriate, for the purpose of punishing the conduct which occurred or deterring similar conduct in the future. *Michael v. Cole*, 122 Ariz. 450, 452, 595 P.2d 995, 997 (1979); *Price v. Hartford Acc. & Indem. Co.*, 108 Ariz. 485, 487, 502 P.2d 522, 524 (1972); Dobbs, *Remedies* § 3.9 at 204 (1973). Punitive damages, therefore, are granted in addition to and not as part of damages awarded as compensation for injury to person or property. The legislative and policy objectives of *compensating* actual injury and loss sought to be accomplished by the act and by the decisions in *Schecter* and *Jenkins* would not be advanced in any way by prohibiting insurers from excluding coverage for punitive damages or by requiring that the mandatory, minimum insurance required by the act cover punitive damage awards. Nor would the policy furthered by the punitive damage rule be served by *compelling* insurers to pay punitive damage awards from such coverage. Such a rule would, instead, result in a requirement that the punishment be levied upon the insurer rather than the insured and eventually would lessen the deterrent effect of punitive damage awards.

 Accordingly, we refuse to extend the decision in *Jenkins, supra*, to situations where, as in the case at bench, the insurer has explicitly excluded coverage for punitive damages. Such exclusions are valid; they are not contrary to the financial responsibility laws. The decision of the court of appeals is approved, and the order quashing the writ of garnishment served on the garnishee/appellee is affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.