721 P.2d 674

**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff/Appellant,**

**v.**

**Denise Berg WISE, Defendant/Appellee.**

**No. 2 CA–CIV 5664.**

Court of Appeals, State of Arizona, Division 2, Department B.

March 19, 1986.

Review Denied June 24, 1986.

Ridenour, Swenson, Cleere & Evans by Robert R. Beltz, Phoenix, for plaintiff/appellant.

John A. Shannon, Jr., Phoenix, for defendant/appellee.

OPINION

LACAGNINA, Judge.

State Farm Fire and Casualty Company (State Farm) appeals from the superior court judgment confirming an arbitration award in favor of Denise Berg Wise (Wise) under the uninsured motorist provisions of her State Farm policy. Wise was awarded $6,000 compensatory damages, $7,000 punitive damages and $5,200 in attorney's fees. State Farm challenges the award on the following grounds: 1) the arbitration panel exceeded its authority in awarding punitive damages (State Farm does not appeal the award of compensatory damages); 2) the policy does not provide coverage for punitive damages; and 3) the trial court erred both in its award of attorney's fees and in the amount awarded. We disagree and affirm.

## ARBITRATORS PROPERLY DECIDED ISSUES SUBMITTED

■ State Farm argues that the arbitration award should not have been confirmed because the arbitrators exceeded their powers. A.R.S. § 12–1512(A)(3). The arbitrators' authority is defined by the agreement from which their power to act is taken. *Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz.App. 178, 525 P.2d 309 (1974); *Migneault v. United Services Auto Association*, 21 Ariz.App. 397, 519 P.2d 1162 (1974); *Allstate Insurance Company v. Cook*, 21 Ariz.App. 313, 519 P.2d 66 (1974). Arbitrators have authority to decide questions of fact and questions of law. *Verdex Steel and Construction Co. v. Board of Supervisors of Maricopa County*, 19 Ariz. App. 547, 509 P.2d 240 (1973).

Our review of an arbitration award is limited. We presume that the arbitrators have decided only those issues contained in the submission agreement, and the award is binding unless we find that the arbitration extended to matters beyond the scope of the issues submitted under the parties' agreement. *Smitty's Super-Valu, Inc. v. Pasqualetti, supra.*

The uninsured motorist provision of Wise's policy with State Farm defined the questions to be decided by the arbitrators:

Deciding Fault and Amount

Two questions must be decided by agreement between the *insured* and us:

1. Is the *insured* legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle or underinsured motor vehicle;* and
2. If so, in what amount?

Citing *Allstate Insurance Co. v. Cook, supra,* State Farm argues that the arbitrators did not have the authority to make a punitive damage award because that necessarily involved a determination of coverage. State Farm contends that it is not the right to recover damages from the insurance company which is being arbitrated but the right to recover damages from the uninsured motorist. We disagree. As the arbitration award indicates, the parties stipulated to "the fact of policy coverage and the uninsured status of the adverse driver." Therefore, the remaining question to be decided by arbitration was the amount of damages.

■ We also disagree with State Farm's statement of Wise's rights concerning her uninsured motorist coverage. The purpose of the financial responsibility laws is to provide a fund to compensate victims of automobile accidents for their bodily injuries. *Cassel v. Schacht*, 140 Ariz. 495, 683 P.2d 294 (1984). The primary purpose is to provide "security against uncompensated damages arising from operation of motor vehicles on our highways." *Schecter v. Killingsworth*, 93 Ariz. 273, 285, 380 P.2d 136, 144 (1963). Under Wise's policy, State Farm agreed to "pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.*" (Emphasis original.) Wise is entitled to recover, under the uninsured motorist provision of her policy, damages she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance. *Transportation Insurance Company v. Wade*, 106 Ariz. 269, 475 P.2d 253 (1970). As in any standard liability policy, State Farm's failure to specifically exclude punitive damages from its uninsured motorist coverage makes it liable for punitive damages. *Price v. Hartford Accident & Indemnity Co.*, 108 Ariz. 485, 502 P.2d 522 (1972). Such a specific exclusion for punitive damages would have been valid and enforceable. *Cassel v. Schact, supra.* Without such an exclusion, however, the arbitrators were within their authority in awarding punitive damages, and their award is binding against State Farm by the terms of their agreement and Arizona law.

## DISCRETIONARY AWARD OF ATTORNEY'S FEES AFFIRMED

■ The trial court's award of attorney's fees under A.R.S. § 12–341.01(A) is discretionary, not reviewable by this court if the record contains a reasonable basis for the

**18**

exercise of that discretion. *Associated Indemnity Corp. v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (1985), quoting *Jones v. Queen Insurance Co.,* 76 Ariz. 212, 262 P.2d 250 (1953); *Wheel Estate Corp. v. Webb,* 139 Ariz. 506, 679 P.2d 529 (App. 1983); *Grand Real Estate, Inc. v. Sirignano,* 139 Ariz. 8, 676 P.2d 642 (App.1983).

In this case the trial court awarded Wise attorney's fees in the amount of $5,200 "in order to mitigate the burden of expenses of litigation on appeal pursuant to A.R.S. § 12–341.01(B)." The court further determined that the fees were reasonable and were appropriately awarded pursuant to the contingency fee agreement between Wise and her attorney. We find no abuse of discretion. *Associated Indemnity Corp. v. Warner, supra.*

Wise is awarded attorney's fees on appeal, upon filing the proper affidavits according to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

LIVERMORE, Judge, specially concurring.

Because having the insurer pay the punitive liability of an uninsured driver would serve no purpose related to the imposition of punitive damages, I would prefer not to join the court's holding. However, because insurance for "liability for personal injuries" covers punitive damages on the liability portion of the insured's policy, I do not see why the same phrase does not cover punitive damages in the uninsured portion of that policy. The insurer can avoid this result simply by amending the policy terms to exclude punitive damages. Having failed to do so with knowledge of the interpretation given the policy language by Arizona courts, the insurer's argument based on public policy appears to be an effort to have the court pick up the marbles it spilled.

BIRDSALL, J., concurs.