760 P.2d 1081

John W. WILLIAMS and Winifred Williams, husband and wife, Plaintiffs/Appellants,

v.

TUCSON UNIFIED SCHOOL DISTRICT NO. 1 OF PIMA COUNTY, a political subdivision of the State of Arizona; Thomas J. Castillo, Eva K. Bacal, Thomas Wright, Laura Almquist, Raul Grijalva, Merrill Grant, in their capacities as members of the School Board of Tucson Unified School District No. 1 of Pima County, Defendants/Appellees.

No. 2 CA–CV 87–0182.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 10, 1987.

Reconsideration Denied Jan. 19, 1988.

Review Denied Sept. 20, 1988.

Busby & McCracken, P.C. by Catherine M. McCracken and Richard B. Biggs, Tucson, for plaintiffs/appellants.

DeConcini, McDonald, Brammer, Yetwin, Lacy & Zimmerman, P.C. by Denise M. Bainton and William B. Hanson, Tucson, for defendants/appellees.

## OPINION

LACAGNINA, Chief Judge.

John W. Williams appeals the denial of his motion for new trial following a judgment in favor of Tucson Unified School District including an award of attorneys' fees. The trial court affirmed the district's denial of Williams' application for continued employment beyond age 70. Williams contends that:

1. The 1986 amendment to the Age Discrimination in Employment Act (the Act), 29 U.S.C.A. §§ 621–634, effective January 1, 1987, which makes mandatory retirement at age 70 unlawful, should be applied to Williams' 1983 termination.

2. The district's Board Policy 4080, the procedure for extension of employment beyond age 70, as adopted and as implemented in this case, violated Williams' constitutional rights to equal protection and due process.

3. The district's decision to deny Williams' request for extension of employment was arbitrary, capricious and an abuse of its discretion.

4. Board Policy 4080 was not legally adopted by the board because it was not certified and filed with the secretary of state pursuant to A.R.S. § 41–1001.

5. The trial court abused its discretion by awarding attorneys' fees to the district and failing to award Williams his attorneys' fees.

We affirm.

### STIPULATED FACTS

Williams was a continuing teacher in the district employed for 25 years, including the 1981–82 and 1982–83 school years, as a guidance counselor at Tucson High School. Anticipating his seventieth birthday in April 1983, Williams inquired in November 1982 about the procedure for obtaining approval to continue his employment beyond age 70. He received a reply in a letter dated November 15, 1982, stating that the district was in the process of developing such a procedure. At the time of Williams' inquiry, the policy that pertained to retirement was Board Policy 4080, which upon legal review had been found not to be in compliance with the requirements of the Arizona retirement statutes, A.R.S. §§ 38–759 and 759.01. Revisions to Board Policy 4080 were submitted to the board and adopted at a meeting on January 4, 1983. Board Policy 4080 was not certified and filed with the secretary of state.

On January 26, 1983, Williams was informed that the board had approved a procedure for extension of employment beyond age 70 and was given a copy of revised Board Policy 4080 and an application for extension of employment. On February 3, 1983, the board received Williams' request for extension of employment made pursuant to Board Policy 4080. His application was reviewed by his supervisor and a designee of the superintendent, both of whom decided not to recommend Williams for extended employment. Pursuant to the administrative procedures set forth in Board Policy 4080, Williams appealed the decision to the board. On April 12, 1983, Williams was informed by the district's superintendent of the board's decision not to offer him a contract for the 1983–84 school year. On August 9, 1983, the board held a de novo hearing on Williams' request for extension of employment at which counsel for Williams and the school administration presented testimony and extensive arguments. At the August 23, 1983 board meeting, Williams' request for extension of employment beyond age 70 was denied. Williams' motion for reconsideration was also denied by the board.

In 1978, Williams had requested and received an extension of employment beyond age 65, at which time the requirements existing under the former version of Board Policy 4080 were limited to 1) whether his leaving would be injurious to students in general, and 2) whether he was replaceable. Between 1978 and November 1982, no other district employee had sought to extend his or her normal retirement date. At the time of Williams' retirement, he was the only 70–year-old district employee.

### APPLICATION OF AGE DISCRIMINATION ACT AMENDMENT

Both sides agree that the amendment, 29 U.S.C.A. § 631(a) (West Supp. 1987), which removes the maximum age limitation of those employees who may bring claims under the Act, applies only to cases pending on the effective date of the amendment, January 1, 1987. Williams argues that his claim was pending at the time the amendment became effective and that the language of the Act itself required immediate application to the facts of his case. In addition, Williams argues that this court is required to apply the law as it exists at the time the court renders its appellate decision.

■ The district argues that Williams was lawfully retired prior to the effective date of the amendment. It also argues that the amendment does not provide a new remedy or procedure but instead makes unlawful what was previously lawful. Fi-

nally, the district argues that Williams does not have an existing claim because he never filed a claim under the Act and was not working when the amendment became effective. We agree with the district's arguments.

Under the amendment to the Act, mandatory retirement because of age is generally prohibited. Prior to the amendment and at the time Williams applied for extension of his employment, the district's action was lawful under the provisions of the Act. The change in the Act does not merely provide a new remedy for an existing claim, *see Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); nor is it merely a procedural change, *see United States v. Alabama,* 362 U.S. 602, 80 S.Ct. 924, 4 L.Ed.2d 982 (1960). The amendment effected a substantive change in the law. Williams never filed a claim under the Act, and he is not entitled to its application.

## CONSTITUTIONAL CLAIMS

Williams argues that Board Policy 4080 (now repealed) as it was adopted and implemented in his case, violated his equal protection and due process rights. He argues that the required showing of superior performance for the two years prior to application, proof that he was difficult to replace, and that his leaving would be injurious to the students were factors subject to strict scrutiny, age being a "quasi-suspect class," and were factors that were vague by failing to give him fair warning. We disagree.

■ It is undisputed that two of the three factors existed under the policy which was in effect in 1978 when Williams applied for extension of employment at age 65. Age is not a suspect class; therefore, the district is merely required to show that there is a rational basis for its action in requiring the three factors to be proven in order to justify continuation of employment beyond age 70. *Lewis v. Tucson School District No. 1,* 23 Ariz.App. 154, 531 P.2d 199, *cert. denied,* 423 U.S. 864, 96 S.Ct. 123, 46 L.Ed.2d 92 (1975) (rational basis exists for required showing that 1) applicant is difficult to replace, and 2) appli-

cant's termination would be injurious to general welfare of the students). Regarding the third requirement of superior performance, Williams failed to disprove a connection between that factor and the basis advanced for it, namely the district's ability to continue paying its highest salaries only to its best personnel. *See Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979).

■ Regarding his due process claims, the requirements set forth in Board Policy 4080 are not vague, as illustrated by Williams' testimony at the hearings. He did not have difficulty in defining the words "superior performance," "injury," or "replaceable" in the context of presenting witnesses to support his claim that he met all three requirements. *See Planned Parenthood of Central and Northern Arizona v. Arizona,* 718 F.2d 938, 948 (9th Cir. 1983). His due process rights were not violated in this case.

## REVIEW OF THE BOARD'S DECISION

### A. Substantial Evidence

■ On appeal from an administrative agency decision, the scope of review by the trial court and an appellate court is limited to a determination of whether the agency acted arbitrarily, capriciously or in abuse of its discretion. *DeGroot v. Arizona Racing Commission,* 141 Ariz. 331, 686 P.2d 1301 (App.1984); *Schmitz v. Arizona State Board of Dental Examiners,* 141 Ariz. 37, 684 P.2d 918 (App.1984). Neither a trial court nor an appellate court may weigh the evidence but must affirm the agency's decision if there is substantial evidence to support it. *Maricopa County v. Gottsponer,* 150 Ariz. 367, 723 P.2d 716 (App.1986); *Evans v. State, ex rel. Arizona Corporation Commission,* 131 Ariz. 569, 643 P.2d 14 (App.), *cert. denied,* 459 U.S. 808 (1982). Substantial evidence exists even if two inconsistent factual conclusions are supported by the record when the agency elects either possible conclusion. *Howard v. Nicholls,* 127 Ariz. 383, 621 P.2d 292 (App.1980); *Webster v. State Board of Re-*

**36**

*gents,* 123 Ariz. 363, 599 P.2d 816 (App. 1979). In this case, there was substantial evidence to support the board's conclusion that Williams failed to meet any of the three requirements under Board Policy 4080. We affirm that holding.

**B. Authority in Enacting 4080**

 *Arizona Revised Statutes* § 38–781.36(A) (now repealed) required the board to adopt rules prescribing the procedure and standards to be followed for continuing employment of an employee beyond age 70. The board's adoption of Board Policy 4080 is not in conflict with the provisions of this statute, nor does the statute require the board to adopt a "satisfactory performance" standard as required in § 38–759.01(B)(3), which applies to state employees. We also reject Williams' argument that the board acted arbitrarily and capriciously by not having a proper policy in existence when Williams initially requested an extension of employment. Finally, the district was not required to file the policy with the secretary of state because it is not a state agency within the meaning of former A.R.S. § 41–1004(A).

**C. Evidentiary Rulings**

■ The board's decision to exclude certain cumulative testimony (as to Williams' superior performance as a counselor) was within its discretion. *See* M. Udall and J. Livermore, Arizona Practice: Law of Evidence § 82 at 168 n. 13 (1982 ed.). The same discretion allows the board as factfinder to exclude irrelevant testimony (evidence of Williams' job as ticket-taker for the university or evidence of his character in the community). *See* M. Udall and J. Livermore, *supra,* § 81 at 163.

**ATTORNEYS' FEES**

The trial court's award of attorneys' fees under A.R.S. § 12–341.01(A) is discretionary, not reviewable by this court if the record contains a reasonable basis for the exercise of that discretion. *Associated Indemnity Corp. v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (1985), quoting *Jones v. Queen Insurance Co.,* 76 Ariz. 212, 262

P.2d 250 (1953); *Wheel Estate Corp. v. Webb,* 139 Ariz. 506, 679 P.2d 529 (App. 1983); *Grand Real Estate, Inc. v. Sirignano,* 139 Ariz. 8, 676 P.2d 642 (App.1983). We find no abuse of discretion in this case.

The school district is awarded attorneys' fees on appeal, upon filing the proper affidavits pursuant to Rule 21(c), Ariz. R. Civ. App. P., 17A A.R.S.

HOWARD, P.J., and HATHAWAY, J., concur.