882 P.2d 1274

**CANON SCHOOL DISTRICT NO. 50, a political subdivision of the State of Arizona, Plaintiff–Appellant,**

v.

**W.E.S. CONSTRUCTION COMPANY, INC., an Arizona corporation, Defendant–Appellee.**

No. CV–93–0399–PR.

Supreme Court of Arizona,
En Banc.

Oct. 20, 1994.

## OPINION

MOELLER, Vice Chief Justice.

### FACTS AND PROCEDURAL HISTORY

This case has a tortured procedural history. W.E.S. Construction Company, Inc. (W.E.S.) contracted with Canon School District No. 50 (the District) to build a school building in Black Canyon City, Arizona. The contract contained an arbitration clause. When disputes arose, W.E.S. demanded arbitration. The District filed suit in superior court to stay arbitration, contending that certain statutes and rules of the Board of Education rendered the arbitration agreement unenforceable. The trial court rejected the District's contentions and ordered arbitration. On appeal by the District, the court of appeals held that some of W.E.S.'s claims were arbitrable and some were not. *Canon Sch. Dist. v. W.E.S. Constr. Co.*, 174 Ariz. 269, 848 P.2d 848 (App.1992) (*Canon I*). We granted review, vacated the court of appeals' opinion, and affirmed the trial court's order to arbitrate. *Canon Sch. Dist. v. W.E.S. Constr. Co.*, 177 Ariz. 526, 869 P.2d 500 (1994) (*Canon II*). The parties then prepared to arbitrate.

Shortly before the scheduled arbitration hearing, W.E.S. added a new issue, namely, whether the state fire marshal had given proper approval for the construction and, if so, when. The state fire marshal was a client of the Attorney General and had been represented on previous occasions by Charles Pierson, the Assistant Attorney General representing the District in the arbitration.

Based on a perceived conflict of interest, Mr. Pierson moved to withdraw as attorney for the District and to reset the arbitration hearing to a later date. Both motions were denied after oral argument on a Wednesday, and the arbitration hearing began the following Monday. Mr. Pierson associated outside counsel on the intervening Friday, and that attorney, Mr. Horne, handled the arbitration proceedings for the District.

The arbitrators ruled in favor of W.E.S., awarding it $107,651.68 plus certain prejudgment interest, costs, and expenses. The arbitration agreement did not include an attor-

Horne, Kaplan & Bistrow, P.C. by Thomas C. Horne, Martha B. Kaplan, Phoenix, and Favour, Moore, Wilhelmsen, Payette & Schuyler, P.A. by David K. Wilhelmsen, Prescott, for plaintiff-appellant.

Dillingham, Keilp & Cross, P.C. by John L. Dillingham, Phoenix, for defendant-appellee.

ney's fees provision, and no attorney's fees were awarded by the arbitrators. In confirmation proceedings in superior court, W.E.S. requested attorney's fees of $72,242.50, which included $54,521.50 for fees incurred in the arbitration and $17,721.00 for fees incurred in confirming the award. The superior court confirmed the arbitrators' award and also granted judgment for all the requested attorney's fees.

The District then filed a second appeal. The court of appeals held that the arbitrators had abused their discretion in denying the motion to continue the arbitration hearing, but because no prejudice to the District resulted, the trial court had properly confirmed the award. The court of appeals went on to affirm the trial court's award of attorney's fees in its entirety without distinguishing between those fees incurred in the arbitration and those incurred in the confirmation. *Canon Sch. Dist. v. W.E.S. Constr. Co.*, 177 Ariz. 431, 868 P.2d 1014 (App.1993) (*Canon III* ). We granted review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24. For reasons which follow, we conclude that the trial court properly confirmed the arbitrators' award and properly awarded attorney's fees for the confirmation proceedings, but erred by awarding attorney's fees for the arbitration itself.

### QUESTIONS PRESENTED

1. Whether the trial court erred by confirming the arbitration award.

2. Whether the trial court erred by awarding attorney's fees incurred in the arbitration proceeding.

3. Whether the trial court erred by awarding attorney's fees incurred in the confirmation proceeding.

### DISCUSSION

### 1. Confirmation of the Arbitration Award

The court of appeals held that the arbitrators should have allowed Mr. Pierson to withdraw and should have continued the arbitration so that the District could associate new counsel. *Canon III*, 177 Ariz. at 440, 868 P.2d at 1023. The court held that the "arbitration panel abused its discretion when it denied the motion to continue." *Id.* Nevertheless, the court found this abuse of discretion harmless because it did not prejudice the District's substantial rights. *Id.* at 441, 868 P.2d at 1024. Thus, "the arbitrators' error did not warrant denial of confirmation of the award, and accordingly the superior court did not abuse its discretion by confirming the award." *Id.*

■ After reviewing the record, we agree with the court of appeals that the District was not prejudiced by the arbitrators' denial of the motions to withdraw and to continue. Because there was no prejudice, the arbitration panel did not abuse its discretion in denying the motions, nor did the trial court abuse its discretion in confirming the award.

### 2. The Trial Court's Award of Attorney's Fees Incurred in the Arbitration Proceeding

■ The trial court awarded attorney's fees incurred in the arbitration pursuant to A.R.S. § 12–341.01(A), which authorizes fees in contested contractual actions.[1] Whether that statute applies to arbitrations under the Uniform Arbitration Act, which Arizona adopted in 1962, is an issue of first impression in Arizona.[2] The court of appeals held

1. Section 12–341.01(A) states: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees."

2. In three Arizona arbitration cases the court of appeals affirmed attorney's fees awarded pursuant to § 12–341.01. *B & M Constr., Inc. v. Mueller*, 164 Ariz. 52, 790 P.2d 750 (App.1989); *City of Cottonwood v. Fann Contracting, Inc.*, 179

Ariz. 185, 877 P.2d 284 (App.1994); *State Farm Fire & Casualty Co. v. Wise*, 150 Ariz. 16, 721 P.2d 674 (App.1986), *disapproved on other grounds, State Farm Mut. Auto. Ins. Co. v. Wilson*, 162 Ariz. 251, 782 P.2d 727 (1989). None of these cases directly addresses the issue before us.

In *Mueller*, the arbitrators themselves awarded attorney's fees, the trial court affirmed the award, and it also awarded attorney's fees "for services in the arbitration." 164 Ariz. at 54, 790 P.2d at 752. The court of appeals reduced this double award without discussing the issue before

that § 12–341.01(A) did apply to arbitration proceedings under the Uniform Arbitration Act. The appellate court reasoned that arbitration proceedings under the Act qualified as contested "actions" under § 12–341.01(A) and that no provision of the Uniform Arbitration Act precluded the trial court from awarding attorney's fees, although the court of appeals acknowledged that the arbitrators themselves were precluded from awarding such fees. *Canon III*, 177 Ariz. at 442, 868 P.2d at 1025. We need not decide whether arbitration is an "action" within the meaning of § 12–341.01(A), although we note that *Semple v. Tri–City Drywall, Inc.*, 172 Ariz. 608, 838 P.2d 1369 (App.1992), relied upon by the court of appeals, suggests that it is not. Rather, we hold that the terms of the Uniform Arbitration Act itself, properly interpreted and applied, preclude trial courts from awarding attorney's fees for the arbitration proceeding when fees are not included in the agreement to arbitrate.

We start with A.R.S. § 12–1510, a section of the Uniform Act titled "Fees and expenses of arbitration," which states that *"[u]nless otherwise provided in the agreement to arbitrate*, the arbitrators' expenses and fees, together with *other expenses, not including counsel fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award." W.E.S. advances two theories relative to this statute. First, it contends the statute only prohibits arbitrators from awarding attorney's fees the arbitrators themselves have incurred. This construction is supported by no authority and is so strained and implausible a construction that we necessarily reject it.

Second, W.E.S. urges that § 12–1510 only prohibits awards of attorney's fees by arbitrators, not by courts. W.E.S. urges us to adopt the reasoning found in the Florida cases, particularly *Fewox v. McMerit Construction Co.*, 556 So.2d 419 (Fla.Dist.Ct.App. 1989), which was adopted by the Florida Supreme Court in *Insurance Co. of North America v. Acousti Engineering*, 579 So.2d 77, 79–80 (Fla.1991). The *Fewox* court held that

> [t]he legislature apparently eliminated attorney's fees from the subject matter jurisdiction of arbitration because arbitrators are generally businessmen chosen for their expertise in the particular subject matter of the suit and have no expertise in determining what is a reasonable attorney's fee.... Thus, the intent of the statute is merely to prohibit arbitrators from awarding attorney's fees. "The proper place to determine the entitlement to and amount of attorney's fees ... is in the circuit court upon application for confirmation of the ... award."

*Fewox*, 556 So.2d at 421–22 (citation omitted). Picking up on *Fewox*, W.E.S. argues that trial courts, being uniquely qualified to assess and award attorney's fees, should be allowed to do so in confirming arbitration awards.

We disagree with *Fewox*. We have been unable to find anything in the Uniform Arbitration Act or its history which supports the *Fewox* court's assertion concerning the alleged intent behind the statute. In addition to having no discernible support, we question the validity of the *Fewox* premise itself, as did another Florida court:

us and without mentioning whether the agreement itself provided for fees.

In a confirmation proceeding, the court of appeals in *Fann* affirmed the award of attorney's fees incurred in the defense of the initial stay proceedings, prior to the arbitration. 179 Ariz. at 195, 877 P.2d at 294. The court noted that even if the trial court could not award fees for the arbitration, "it has significant discretion to award fees in a matter intertwined with another matter for which it may not grant attorney's fees." *Id.*

In *Wise*, the trial court awarded attorney's fees "in order to mitigate the burden of expenses of litigation on appeal." 150 Ariz. at 18, 721 P.2d at 676. The fees were awarded "pursuant to the

contingency fee agreement between Wise and her attorney." *Id.* The court of appeals simply affirmed the award without discussing the issue before us, and it is not clear from the opinion whether fees were awarded for the underlying arbitration.

*U.S. Insulation, Inc. v. Hilro Constr. Co.*, 146 Ariz. 250, 705 P.2d 490 (App.1985), does not provide any further insight. At issue there was the trial court's refusal to compel arbitration. A subissue was whether Hilro was entitled to attorney's fees pursuant to § 12–341.01. Because there had been no determination of the case on the merits, the court declined to decide the attorney's fee issue.

Even if only businessmen were to serve as arbitrators, it would be nearly impossible to find a businessman today who does not regularly incur attorney's fees as an ongoing business expense. There is no reason to suppose that they are not well-acquainted, as the payors of legal fees, with the rates and amounts charged generally in their community.

*Pierce v. J.W. Charles–Bush Sec.*, 603 So.2d 625, 630 (Fla.Dist.Ct.App.1992).

We believe the proper interplay of the applicable statutes is correctly explained in *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 423 S.E.2d 747, 749 (1992), a recent case directly on point. The facts in *Nucor* are identical to ours. Like Arizona, North Carolina has enacted the Uniform Arbitration Act as well as a general attorney's fees statute that permits fees to be awarded in certain contractual disputes. As in our case, the *Nucor* agreement to arbitrate did not include attorney's fees, and no fees were awarded by the arbitrators. On confirmation proceedings in the North Carolina trial court, the court added fees to the award, pursuant to a separate attorney's fees statute, for work done in the arbitration, as did the trial court here. *Id.* at 151, 423 S.E.2d at 749. The court of appeals affirmed, as did ours. The Supreme Court of North Carolina reversed the fee award, stating:

> The specific, uncomplicated language of [our A.R.S. § 12–1510] clearly reflects the legislative intent that attorneys' fees are not to be awarded for work performed in arbitration proceedings, unless the parties specifically agree to and provide for such fees in the arbitration agreement. There are important policy considerations supporting this determination not to allow attorneys' fees in arbitration proceedings, unless provided by the parties. These considerations are consistent with the principle [sic] legislative purpose behind enactment of the Uniform Arbitration Act: to provide and encourage an expedited, efficient, relatively uncomplicated, alternative means of dispute resolution, with limited judicial intervention or participation, and without the primary expense of litigation—attorneys' fees.

*Id.* at 153–54, 423 S.E.2d at 750. The court concluded that "in arbitration proceedings, both the arbitrator or arbitration panel and the superior courts upon confirmation are limited to applying only [our A.R.S. § 12–1510] in determining whether attorneys' fees should be or were properly awarded." *Id.* at 155, 423 S.E. at 751; *see also Floors, Inc. v. B.G. Danis, Inc.*, 380 Mass. 91, 97, 401 N.E.2d 839, 843 (1980) (holding that attorney's fee statute does not "overpower the policy expressed in [our A.R.S. § 12–1510] against the award of attorneys' fees in arbitration proceedings").

■ In our view, to permit a trial court to award attorney's fees for the arbitration proceedings when the arbitration panel itself cannot award such fees would render meaningless the provision of A.R.S. § 12–1510 which expressly excludes the award of "counsel fees." *See Pima County v. Maya Constr. Co.*, 158 Ariz. 151, 156, 761 P.2d 1055, 1060 (1988) (holding that where two statutes seemingly conflict, they should be interpreted to give effect to both). Such a ruling would also rewrite the agreement between the parties. The trial court cannot fill gaps in the parties' agreement, nor may the parties expect it to do so. *Cf. Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz.App. 178, 182, 525 P.2d 309, 313 (1974) (holding that the parties, having chosen a different tribunal, may not reinstate judicial tribunals to resolve the controversy).

■ We also believe the Uniform Act had sound policy reasons for prohibiting trial courts from awarding attorney's fees for the arbitration proceeding in the absence of an agreement. The primary purpose of arbitration is to provide an alternative to litigation so that the parties may "obtain an inexpensive and speedy final disposition of the matter." *Smitty's*, 22 Ariz.App. at 182, 525 P.2d at 313; *see also Nucor*, 423 S.E.2d at 750; *Floors*, 401 N.E.2d at 842. It would defeat this purpose to allow parties to litigate, for the first time in superior court in confirmation proceedings, new, substantial issues that were not contemplated by the arbitration agreement and which may exceed the amount of the claim itself. We do not wish to encourage parties to go to court in confirmation proceedings for the sole purpose of

seeking attorney's fees for the arbitration. Such would be the effect of the court of appeals' opinion.

### 3. The Trial Court's Award of Attorney's Fees Incurred in the Confirmation Proceeding

Under the Uniform Act, the award of attorney's fees for the confirmation proceeding itself requires separate analysis from the award for fees incurred in the underlying arbitration. The language of A.R.S. § 12–1510 expressly excludes attorney's fees from the arbitration award absent an express provision in the arbitration agreement, whereas the confirmation statute, A.R.S. § 12–1514, does not mention attorney's fees. Section 12–1514 states:

> Upon the granting of an order confirming, modifying or correcting an award, judgment or decree shall be entered in conf[o]rmity therewith and be enforced as any other judgment or decree. *Costs of the application and of the proceedings subsequent thereto, and disbursements may be awarded by the court.*

(emphasis added).

The court of appeals held that the confirmation statute "does not detract from the court's authority under A.R.S. section 12–341.01(A) to award attorney's fees." *Canon III*, 177 Ariz. at 443, 868 P.2d at 1026. Assuming, as the court of appeals held, that arbitrations under the Act are contested contract actions for purposes of A.R.S. § 12–341.01(A), *but see City of Waterbury v. Waterbury Police Union*, 176 Conn. 401, 408, 407 A.2d 1013, 1016 (1979) (finding that a proceeding to confirm, modify, or vacate an arbitration award is not a "civil action" within the meaning of an attorney's fee statute), we find it unnecessary to consider attorney's fees based on A.R.S. § 12–341.01 because we find that fees for the confirmation can be awarded under the Uniform Act itself. *See Pima County v. Heinfeld*, 134 Ariz. 133, 134, 654 P.2d 281, 282 (1982) ("[W]here two statutes deal with the same subject, the more specific statute controls.").

Although we would normally conclude that the legislature intended to exclude attorney's fees where they were not expressly included, *see Circle K Convenience Stores v. City of Phoenix*, 178 Ariz. 102, 103, 870 P.2d 1198, 1199 (App.1993) ("Attorney's fees may only be awarded when specifically authorized by statute or contract."), we deal here with a Uniform Act, the drafting of which was not done by our legislature. The Uniform Act has taken a different approach, expressly excluding attorney's fees in A.R.S. § 12–1510, but not excluding fees in the confirmation section. *Cf. Chrysler Corp. v. Maiocco*, 209 Conn. 579, 593, 552 A.2d 1207, 1214 (1989) (finding that although the exclusion of attorney's fees from a statute usually would not allow an award of attorney's fees, under the "lemon law" a different conclusion was intended).

As a result of the approach taken by the drafters of the Uniform Act, most jurisdictions interpreting it have found the language of A.R.S. § 12–1514 permits the award of attorney's fees incurred in confirmation proceedings despite the absence of any language expressly authorizing attorney's fees. *See, e.g., Anchorage Medical & Surgical Clinic v. James*, 555 P.2d 1320, 1324 (Alaska 1976); *County of Clark v. Blanchard Constr. Co.*, 98 Nev. 488, 492, 653 P.2d 1217, 1220 (1982); *Wachtel v. Shoney's, Inc.*, 830 S.W.2d 905 (Tenn.Ct.App.1991). *But see Floors, Inc. v. B.G. Danis, Inc.*, 380 Mass. 91, 100, 401 N.E.2d 839, 844 (1980) (holding that "fees associated with obtaining and confirming the arbitration award" are not recoverable). The Nevada Supreme Court, referring to the language of our A.R.S. § 12–1514, stated: "We interpret this provision to mean that the court is permitted to award attorney's fees only for the effort expended in this case in obtaining an order confirming the arbitration award and not for any efforts expended prior to that time." *Blanchard*, 653 P.2d at 1220. The interpretations of our sister states also promote the public policy of encouraging early payment of valid arbitration awards and the discouragement of nonmeritorious protracted confirmation challenges. The prefatory comment to the 1954 draft of the Uniform Arbitration Act stated that court intervention in arbitration "must be prompt and simple or the values of arbitration will be largely dissipated through prolonged litiga-

tion." *Handbook of the National Conference of Commissioners on Uniform State Laws* 204 (1954), *cited in Floors, Inc. v. B.G. Danis, Inc.,* 380 Mass. at 96, 401 N.E.2d at 842–43 (1980).

Uniform Acts should be interpreted consistently. The Tennessee Supreme Court declared:

It is axiomatic that a purpose in enacting uniform laws is to achieve conformity, not uniqueness.... This court should strive to maintain the standardization of construction of uniform acts to carry out the legislative intent of uniformity.

*Holiday Inns, Inc. v. Olsen,* 692 S.W.2d 850, 853 (Tenn.1985).

■ Therefore, we conclude that, under A.R.S. § 12–1514, the trial court may make an award for attorney's fees incurred in the confirmation proceedings themselves. As the attorney's fees awarded by the trial court in this case included fees for both the arbitration and the confirmation proceedings, the judgment must be modified to exclude fees attributable to the arbitration itself.

## CONCLUSION AND DISPOSITION

W.E.S. requests attorney's fees incurred for the appeal. W.E.S. was only partially successful in the appeal. The arbitration award was confirmed, but W.E.S. lost on the lion's share of attorney's fees, which has been the core issue in this case for some time. *Cf. Coldwell Banker v. Camelback Office Park,* 156 Ariz. 214, 223–24, 751 P.2d 530, 539–40 (App.1987) (holding that it is possible to have no successful party when one prevails on the complaint and the other prevails on the counterclaim), *vacated in part on other grounds,* 156 Ariz. 226, 751 P.2d 542 (1988); *General Cable Corp. v. Citizens Utils. Co.,* 27 Ariz. App. 381, 385, 555 P.2d 350, 354 (1976) (holding that where complaint seeks greater damages than counterclaim and court denied relief to both parties, there is no successful party). Because we do not consider W.E.S. to be a prevailing party in this appeal, we deny fees without regard to whether such claim for fees is bottomed on the confirma-

tion provision of the Uniform Arbitration Act, A.R.S. § 12–341.01(A), or some other statutory provision.

Our consideration in this case is limited to arbitration proceedings under the Uniform Arbitration Act where the agreement to arbitrate does not include an attorney's fee provision.[3] In those types of proceedings, neither the arbitrators nor the confirming court may award attorney's fees for the arbitration itself. However, the confirming court may, where appropriate, award attorney's fees to a prevailing party for the fees incurred in the confirmation proceeding itself.

The trial court's judgment in this case is affirmed insofar as it confirmed the arbitrators' award and awarded attorney's fees for the confirmation itself, and it is reversed insofar as it awarded attorney's fees for the arbitration. The case is remanded to the trial court for an appropriate modification of the judgment. The opinion of the court of appeals is vacated.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.

Rules of Procedure for Arbitration.

---

**3.** We do not address court-annexed arbitration pursuant to A.R.S. § 12–133 and the Uniform