781 P.2d 1010

John C. CROCI, Jr. and Maria Croci, husband and wife, as next friends and natural parents of Jonathan Paul Croci, a minor, Plaintiffs/Appellants/Cross–Appellees,

v.

The TRAVELERS INSURANCE COMPANY, an insurance corporation, Defendant/Appellee/Cross–Appellant.

No. 2 CA–CV 89–0043.

Court of Appeals of Arizona, Division 2, Department B.

June 15, 1989.

Petition for Review Granted and Cross–Petition for Review Denied Nov. 21, 1989.

Aboud & Aboud, P.C. by Michael J. Aboud, Tucson, for plaintiffs/appellants/cross-appellees.

Weyl, Guyer, Macban & Olson, P.A. by Thomas G. Bakker and Sharon K. Smith, Phoenix, for defendant/appellee/cross-appellant.

OPINION

LACAGNINA, Chief Judge.

John C. Croci, Jr. and Maria Croci, husband and wife, appeal from summary judgment granted in favor of Travelers Insurance Company, the trial court finding that the "other insurance" clause contained in the uninsured motorist provision of Crocis' automobile policy was valid and enforceable and did not reduce any coverage mandated by Arizona law. Crocis argue that any attempt to reduce the limits of uninsured motorist coverage in an insurance policy is void and unenforceable. We affirm.

On July 15, 1987, Jonathan Paul Croci, a minor, was injured in a motor vehicle collision while he was a passenger in a vehicle insured by State Farm Insurance Company with uninsured motorist limits of $25,000. The other vehicle involved in the accident was uninsured. The parties have stipulated that Jonathan's damages exceed $75,000. State Farm tendered $25,000, the policy limits for uninsured motorist coverage. Thereafter, Crocis demanded from Travelers the $50,000 policy limits for their uninsured coverage. Travelers offered to pay $25,000, arguing that the following "escape-excess" clause in the policy applied:

Limit of Liability

For an accident involving an *uninsured motor vehicle:*

\* \* \* \* \* \*

*We* will subtract the amount paid by or on behalf of anyone responsible for the *insured's* injury from the amount payable. This includes any amount paid under the liability insurance of this policy.[1]

\* \* \* \* \* \*

Other Insurance

An *insured* who is covered by other similar insurance may collect no more than the highest applicable limit of any one policy. *Our* share of the damages will be in proportion to *our* share of the total of the limits of all applicable policies. If, however, the *insured* suffers bodily injury while *occupying* a car *you* do not own to which similar insurance applies, this coverage applies as excess insurance and then only in the amount by which it exceeds the applicable limits of liability of the other insurance.

The Crocis, as natural parents of Jonathan, filed a declaratory judgment action requesting an interpretation of this clause. The trial court granted summary judgment in favor of Travelers, finding in part as follows:

It is obvious that in plain English, the language of the insurance policy says "this coverage applies as excess insurance and then only in the amount by which it excludes the applicable limits of liability of the other insurance." In this case, the Travelers policy exceeds the State Farm policy by $25,000 and that is what is payable under the Travelers policy.

In construing the *Herder* [*Arizona Property & Cas. Ins. Guar. Fund v. Herder,* 156 Ariz. 203, 751 P.2d 519 (1988) ][2] case, *Spain v. Valley Forge Insurance Company,* 152 Ariz. 189, 731 P.2d 84 [1986], and *Transportation In-*

*surance Company v. Wade,* 106 Ariz. 269, 273, 475 P.2d 253, 257 (1970), it is clear that the law in Arizona does not invalidate the type of language contained in the Travelers policy except when the Court finds that the clause reduces mandated coverage.

THE COURT FINDS that the Travelers' Insurance Company clause does not reduce any coverage that was mandated by Arizona law in this matter.

In *Spain,* the passenger died from injuries received, owing to the negligence of both drivers. The driver of her vehicle had an automobile insurance policy with Valley Forge providing $100,000 liability coverage for bodily injury or death and $100,000 uninsured motorist protection with language providing that the company was obligated to pay only a single limit of $100,-000 per accident. The policy provided that sums paid under liability coverage reduced the limit of liability under uninsured motorist coverage. Because the passenger's personal representative claimed that both drivers were negligent, he was paid the $100,-000 liability limit on the claim and demanded an additional $100,000 pursuant to the uninsured motorist portion of the policy. Valley Forge refused, claiming that the offset provisions prevented Spain from recovering more than $100,000 on the combined coverages.

As the supreme court noted in *Spain,* the host driver had insured herself and her passengers against two separate risks: "The risk of liability if she should negligently injure someone and the risk of having no source from which to recover damages caused by a financially irresponsible driver who might injure her and/or another insured under her policy." 152 Ariz. at 193, 731 P.2d at 88. Further, as the supreme court pointed out in *Spain,* both of those risks did occur. Plaintiff's decedent died as a result of the negligence of two different drivers; therefore, under the circumstances of that case the insurer could not attempt to reduce the amount of unin-

---

1. If Travelers had attempted to rely on this last sentence to reduce Crocis' coverage, it would have been unenforceable. *Spain v. Valley Forge Ins. Co.,* 152 Ariz. 189, 731 P.2d 84 (1986).

2. Although the trial court cites *Herder* as support for its ruling, we find that *Herder* applies specifically to a statutory "other insurance"-escape clause and not to the facts of this case.

sured motorist coverage that the insured had a right to purchase under A.R.S. § 20–259.01(B).

The supreme court's holding in *Spain*, tailored to its particular facts, is clearly stated as follows:

> The amendment to A.R.S. § 20–259.01(B) in 1981 manifests a clear legislative intent that each insured who purchased UM coverage in the amount of liability coverage would have available the total of the two coverages *in cases in which the injury was caused by two negligent drivers.* Any attempt, by contract or otherwise, to reduce any part of this amount violates the statute.

152 Ariz. at 194, 731 P.2d at 89 (emphasis added).

In this case, however, the facts are different. First, there are two policies. Second, both of the policies insure the same risk which in fact occurred in this case: "[H]aving no source from which to recover damages caused by a financially irresponsible driver who might injure [them] and/or another insured under [their] policy." *Id.* Therefore, Travelers did not attempt to do that which is prohibited by *Spain*, that is, to reduce the limits of mandated coverage or to otherwise infringe on the insured's right to fully recover the uninsured motorist coverage purchased. The Crocis paid premiums for and did in fact receive $50,000 of such coverage. The fact that two companies contributed to pay the loss does not make the "other insurance" clause unenforceable. *Transportation Ins. Co. v. Wade*, 106 Ariz. 269, 273, 475 P.2d 253, 257 (1970); *Cole v. State Farm*, 145 Ariz. 578, 580, 703 P.2d 522, 524 (App.1985).

Travelers argues on cross appeal that the trial court abused its discretion in denying an award of attorneys' fees. The trial court stated the following reasons for its denial:

> The court, taking into consideration the facts of the case, feels that it would be inappropriate to award attorney's fees in this matter. There was a question of law that had to be resolved and under the circumstances of the case and the type of case it is, the court feels that it would not be appropriate to award Travelers Insurance Company attorney's fees.

The trial court's decision concerning an award of attorneys' fees under A.R.S. § 12–341.01(A) is discretionary, not reviewable by this court if the record contains a reasonable basis for the exercise of that discretion. *Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985), quoting *Jones v. Queen Ins. Co.*, 76 Ariz. 212, 262 P.2d 250 (1953); *Wheel Estate Corp. v. Webb*, 139 Ariz. 506, 679 P.2d 529 (App.1983); *Grand Real Estate, Inc. v. Sirignano*, 139 Ariz. 8, 676 P.2d 642 (App. 1983). We find no abuse of discretion in this case.

Affirmed.

Travelers is awarded attorneys' fees on appeal, upon filing the proper affidavits pursuant to Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

ROLL, P.J., and FERNANDEZ, J., concur.