788 P.2d 79

**John C. CROCI, Jr. and Maria Croci, husband and wife, as next friends and natural parents of Jonathan Paul Croci, a minor, Plaintiffs/Appellants/Cross–Appellees,**

v.

**The TRAVELERS INSURANCE COMPANY, an insurance corporation, Defendant/Appellee/Cross–Appellant.**

No. CV–89–0336–PR.

Supreme Court of Arizona.

Feb. 8, 1990.

Aboud and Aboud, P.C. by Michael J. Aboud, Tucson, for plaintiffs/appellants/cross-appellees.

Weyl, Guyer, Macban & Olson, P.A. by Thomas G. Bakker and Sharon K. Smith, Phoenix, for defendant/appellee/cross-appellant.

FELDMAN, Vice Chief Justice.

John and Maria Croci (the Crocis), as natural parents of Jonathan Paul Croci (Jonathan), a minor, petition us to review a court of appeals decision affirming the trial

court's grant of summary judgment in Travelers Insurance Company's (Travelers) favor. *See Croci v. Travelers Ins. Co.*, 162 Ariz. 169, 781 P.2d 1010 (Ct.App.1989). The trial court ruled that the "other insurance" clause pertaining to the uninsured motorist (UM) coverage provided by Travelers was valid and enforceable. We granted review and now reverse. Rule 23, Ariz.R. Civ.App.P., 17B A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

## FACTS AND PROCEDURAL HISTORY

The facts are undisputed. Jonathan was a passenger in an automobile insured by State Farm Insurance Company (State Farm) that was involved in an accident with a car driven by an uninsured motorist.

Jonathan's damages exceeded $75,000. The "host" vehicle, insured by State Farm, provided UM coverage of $25,000 which State Farm paid to the Crocis. Jonathan was also an insured under the automobile insurance policy the Crocis had purchased from Travelers. The Crocis demanded that Travelers pay up to its UM policy limit, $50,000.

Invoking its other insurance clause, Travelers refused to pay more than $25,-000.[1] Because this was insufficient to cover their damages, the Crocis sought declaratory relief in the trial court to determine whether Travelers was justified in refusing

to provide coverage up to its UM policy limit.

On cross-motions for summary judgment, the trial court found Travelers' excess/escape provision[2] valid and enforceable. The trial court denied Travelers' request for attorneys' fees. The Crocis appealed and the court of appeals affirmed. We granted the Crocis' petition for review.

## DISCUSSION

Travelers relies on *Transportation Insurance Company v. Wade*, 106 Ariz. 269, 475 P.2d 253 (1970), for the proposition that its excess/escape clause is valid in Arizona. Our decision this day in *Rashid v. State Farm Mutual Automobile Insurance Co.*, 163 Ariz. 270, 787 P.2d 1066 (1990), controls. While a passenger in a friend's automobile, Rashid was injured in an accident with an uninsured motorist. The host vehicle's insurer paid its UM limit. Pursuant to its excess/escape clause, Rashid's UM insurer refused to pay anything on his claim. In finding the excess/escape clause unenforceable, we noted that the UM/UIM Act (A.R.S. § 20–259.01(A)) mandates insurance for the protection of persons insured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. *Id.* at 275–276, 787 P.2d at 1071–1072.

This case presents precisely the same issue we addressed in *Rashid.*[3] Traveler's attempt to reduce the amount of UM coverage its policy provides to the Crocis by

1. The pertinent part of the Travelers policy states:
   **Limit of Liability**
   For an accident involving an *uninsured motor vehicle:*

   ·      ·      ·      ·      ·

   *We* will subtract the amount paid by or on behalf of anyone responsible for *insured's* injury from the amount payable. This includes any amount paid under the liability insurance of this policy.

   ·      ·      ·      ·      ·

   **Other Insurance**
   An *insured* who is covered by other similar insurance may collect no more than the highest applicable limit of any one policy. *Our* share of the damages will be in proportion to *our* share of the total of the limits of all applicable policies.
   If, however, the *insured* suffers bodily injury while *occupying* a car *you* do not own to

which similar insurance applies, this coverage applies as excess insurance and then only in the amount by which it exceeds the applicable limits of liability of the other insurance. (Emphasis in original.)

2. See *Rashid v. State Farm Mut. Auto. Ins. Co.*, 163 Ariz. 270, 272 n. 1, 787 P.2d 1066, 1068 n. 1 (1990), for an explanation of the reason for denominating this clause as excess/escape.

3. The only factual distinction is that Rashid's UM coverage was less than that provided by the host's insurer. Rashid's insurer, therefore, offered nothing. In this case, the Crocis' UM coverage provided by Travelers is greater than the host's coverage and Travelers is willing to pay the difference between its coverage and the host's.

offsetting the UM payment they received from the host's insurer cannot be sustained. The Crocis' damages exceed the amount they collected from State Farm and Travelers. We will permit recovery for statutorily mandated UM/UIM coverage under more than one policy until the claimant is fully indemnified. *Id.* at 276, 787 P.2d at 1072. Therefore, the escape provision of Travelers' UM other insurance clause is not enforceable until the Crocis have been fully indemnified. Under the facts of this case, Travelers must pay up to the full limit of the UM coverage it contracted to provide the Crocis.

## ATTORNEY'S FEES

The Crocis claim the trial court erred in failing to grant summary judgment in their favor and to award them attorney's fees and costs. The trial court has broad discretion in awarding attorney's fees to the successful party pursuant to A.R.S. § 12–341.01. *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985). Of course, "[w]ho is the 'successful party' is never certain until the appeal process is concluded." *Schade v. Diethrich,* 158 Ariz. 1, 15, 760 P.2d 1050, 1065 (1988). Because we have reversed the trial court's judgment in favor of Travelers, on remand the trial court is to determine the propriety of a fee award to the Crocis.

We grant the Crocis' request for attorney's fees on this petition. They may establish the amount of the award by complying with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

## CONCLUSION

The trial court's judgment is reversed. The opinion of the court of appeals is vacated and the case is remanded to the trial court for proceedings consistent with this opinion.

GORDON, C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.