62 P.3d 989

**Jerry SCRUGGS, Plaintiff–Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant.**

**No. 1 CA–CV 02–0166.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 18, 2003.

As Corrected Feb. 20, 2003.

Review Denied June 30, 2003.

Gage & Mathers, LTD, By G. David Gage, Phoenix, Attorneys for Plaintiff–Appellee.

The Cavanagh Law Firm, P.A., By Ralph E. Hunsaker, Joel DeCiancio, Christopher Robbins, Phoenix, Attorneys for Defendant–Appellant.

**OPINION**

SNOW, Judge.

¶ 1 At issue is whether Jerry Scruggs complied with subsection (M) of the Uninsured Motorist Act, Arizona Revised Statutes ("A.R.S.") § 20–259.01(M) (2002). Subsection (M) regulates certain uninsured motorist claims in which a claimant asserts that the accident was caused by an unidentified vehicle that did not make physical contact with anyone else in the accident (a "miss and run" vehicle). In such cases, subsection M requires the insured, in this case Scruggs, to submit corroboration of his version of the accident with his claim.

¶ 2 Whether Scruggs complied with this requirement and whether he can compel his insurer, State Farm Mutual Automobile Insurance Company, to arbitrate the question of his compliance are the issues presented.

## FACTUAL AND PROCEDURAL HISTORY

¶ 3 On November 24, 1998, Scruggs was driving in Torrance, California when he was involved in an automobile accident. According to Scruggs, an unidentified vehicle in the lane to his left suddenly pulled into his lane. This caused Scruggs to swerve into the traffic lane to his right to avoid hitting the unidentified car. When he did so he hit the rear end of a tanker truck that was stopped in the lane to his right. Because Scruggs did not make contact with the unidentified vehicle, and because that unidentified vehicle did not stop, Scruggs filed an uninsured motorist claim under his State Farm policy.

¶ 4 State Farm denied Scruggs's claim and refused to participate in arbitration because, it asserted, Scruggs did not provide corroborating evidence as required by A.R.S. § 20–259.01(M). Thereafter, Scruggs filed a complaint for declaratory relief in superior court asking the court to declare that the determination of liability and damages under subsection M and his State Farm policy were factual matters to be determined through arbitration and to require State Farm to participate in arbitration of the claim.

¶ 5 State Farm filed a motion for summary judgment, arguing that Scruggs had failed to meet his corroboration burden under subsection M and that the question whether Scruggs had met statutory requirements was a coverage determination for the court and was not subject to arbitration. Scruggs filed a cross-motion for summary judgment on the same issues. The trial court found an issue of fact as to Scruggs's compliance with the corroboration requirement and referred the matter to arbitration.

¶ 6 After additional briefing, the trial court affirmed its referral of the statutory compliance question to arbitration, determined that the legal issues were not clear, and entered final judgment.

1. In pertinent part the State Farm policy states:
   **Deciding Fault and Amount**
   Two questions must be decided by agreement between the *insured* and us:
   1. Is the *insured* legally entitled to collect damages from the owner or driver of the

## ANALYSIS

¶ 7 On appeal, State Farm argues that the trial court erred in two respects. First, it alleges the trial court erred in submitting to arbitration the question whether Scruggs complied with subsection M's corroboration requirements for making an uninsured motorist claim. Second, it alleges that the trial court erred in determining that there was an issue of fact whether Scruggs complied with those requirements. It urges us to find that there is no material issue of fact, and that as a matter of law, Scruggs did not comply with the requirements of subsection M. We address these arguments in turn.

### I. State Farm Is Not Required To Arbitrate The Question of Scruggs's Compliance With The Corroboration Requirement.

¶ 8 The statute does not specify that the question of Scruggs's compliance with the corroboration requirement is to be decided by an arbitrator. In the absence of such a statutory provision, the parties can only be forced to arbitrate the issue if they have agreed in the policy to do so. "Parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication." *Allstate Ins. Co. v. Cook*, 21 Ariz.App. 313, 315, 519 P.2d 66, 68 (1974) (quoting *Flood v. Country Mut. Ins. Co.*, 41 Ill.2d 91, 242 N.E.2d 149, 151 (1968)); *see Transamerica Ins. Co. v. Doe*, 173 Ariz. 112, 114, 840 P.2d 288, 290 (App.1992) ("An arbitrator cannot resolve issues outside the scope of the arbitration agreement.").

¶ 9 Scruggs's policy submits to arbitration the question whether Scruggs is legally entitled to collect damages from the owner or driver of the uninsured motor vehicle and if so, the amount of such damages.[1] Scruggs asserts that the statutory question whether

   *uninsured motor vehicle* or *underinsured motor vehicle*: and
   2. If so, in what amount?
   If there is no agreement, these questions shall be decided by arbitration upon written request of the *insured* or us.

he has provided corroboration "that the unidentified motor vehicle caused the accident" is indistinguishable from the liability question whether the insured is "legally entitled to collect damages from the owner or driver of the uninsured vehicle." He argues that the evidence that he would submit at the arbitration hearing on the liability and damage questions would naturally include the corroborative evidence that the statute requires. Thus, he argues that the corroboration question is one which should be submitted to arbitration with the liability question.

¶ 10 We have rejected this argument in at least two previous decisions, including *Transamerica*. Both *Transamerica* and *Cook* involved policies with arbitration provisions similar to the policy at issue. Both also involved attempts by the insured to collect against its own insurer on an uninsured motorist claim. In both cases, however, we noted that when a policy submits to arbitration the question whether the insured has "the right to recover damages from the uninsured motorist," *Cook*, 21 Ariz.App. at 315, 519 P.2d at 68, the policy is not submitting to arbitration the question whether the claimant can recover against its own insurer. *See also Transamerica*, 173 Ariz. at 114, 840 P.2d at 290 (policy that provides for arbitration on disputed issues whether uninsured motorist was liable does not permit arbitration upon insureds' "right to recover from their own insurer"). It is thus well-established by *Transamerica* and *Cook* that Scruggs's policy, by its plain terms, does not submit to arbitration the question whether Scruggs complied with the statutory requirements of submitting an uninsured motorist claim to his insurer.

¶ 11 To the extent that Scruggs attempts to distinguish these cases by arguing that subsection M's corroboration requirement is indistinguishable from the liability question upon which the policy does require arbitration, we disagree. The burdens are different. Satisfying the corroboration requirement does not necessarily mean that Scruggs is entitled to payment on his claim. Subsection M only requires "any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility to

the insured's representation of the accident." A.R.S. § 20–259.01(M). It does not require that Scruggs prove his claim. The policy, however, requires the claimant to show by reliable competent evidence that he "sustained bodily injury ... caused by an accident arising out of the operation ... of an uninsured motor vehicle." Thus, although there is some overlap between the two requirements, a party could comply with the corroboration requirement without meeting the burden of proof required by the policy. *See, e.g., Powell v. Viking Ins. Co.*, 44 Wash. App. 495, 722 P.2d 1343, 1348 (1986) ("Without independent corroborating evidence there can be no coverage. If independent corroborating evidence is produced, coverage is not automatic; it may or may not exist."). Conversely, a claimant could satisfy an arbitrator that the quantum of proof required by the policy had been met without being able to meet the corroboration requirement.

¶ 12 Because subsection M does not specify that compliance with its corroboration requirement is subject to arbitration and because Scruggs's policy provides arbitration only for the issues of liability of the uninsured motorist and the amount of damages, we conclude that Scruggs cannot oblige State Farm to arbitrate the question of his compliance with the corroboration requirements of the statute.

## II. As A Matter Of Law, Scruggs Provided Sufficient Corroboration With His Claim.

¶ 13 Scruggs submitted two different types of evidence with his claim that he contends met his corroboration obligation under the statute. First, Scruggs told the investigating police officer at the scene of the accident that the accident was caused by an unidentified vehicle swerving into his lane. Scruggs asserts that this statement constitutes an excited utterance and is thus admissible separate testimony corroborating his version of events.

¶ 14 Second, Scruggs provided an affidavit and a crash reconstruction report by Lamont Skousen, an accident reconstruction specialist ("the Skousen report"). In the report Skousen reviewed the damage pattern to

Scruggs's car and opined that, consistent with Scruggs's version of events, Scruggs's vehicle was traveling at an angle coming from the left when it hit the back end of the tanker truck.

¶ 15 Both parties asserted below that there were no issues of material fact as to Scruggs's compliance with the statutory corroboration requirements. They both urged the court to rule on Scruggs's compliance as a question of law. The court declined to do so. While it determined that Scruggs had supplied additional evidence with his claim that added some weight or credibility to his version of events, it also determined that a question of fact remained whether that additional evidence that added strength to Scruggs's claim was "confirming" for purposes of the statute. State Farm now appeals, arguing that as a matter of law, Scruggs failed to comply with the requirements of subsection (M).

¶ 16 Subsection (M) was added by the legislature in 1998 as a new statutory approach to "miss and run" claims.[2] See 1998 Ariz. Sess. Laws, ch. 288, § 2. It states:

> If an insured makes a bodily injury or death claim under uninsured or underinsured motorist coverage based on an accident that involved an unidentified motor vehicle and no physical contact with the motor vehicle occurred, the insured shall provide corroboration that the unidentified motor vehicle caused the accident. For the purposes of this subsection, "corroboration" means any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility

to the insured's representation of the accident.

A.R.S. § 20–259.01(M).

¶ 17 We review de novo issues of statutory construction. State Comp. Fund v. Superior Court (EnerGCorp), 190 Ariz. 371, 374–75, 948 P.2d 499, 502–03 (App.1997). Our primary goal in construing a statute is to find and give effect to legislative intent. Mail Boxes, Etc. v. Indus. Comm'n, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). In determining the intent of the legislature we look first to the language of the statute, on the presumption that the legislature says what it means. Id.; Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994). If necessary, we consider other factors, such as "the context of the statute, the language used, the subject matter, its historical background, its effects and consequences, and its spirit and purpose." Wyatt v. Wehmueller, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991).

### A. Scruggs's Excited Utterance Is Not Additional Evidence.

■ ¶ 18 Subsection M requires that the corroborating testimony, fact or evidence be "additional ... to the insured's representation of the accident." A.R.S. § 20–259.01(M). Even assuming that Scruggs's statement to the police officer at the scene was an excited utterance and thus admissible in a court of law, it still constitutes Scruggs's representation of the accident. Thus, it is not "additional" to his representation and does not meet the requirements of the statute.[3]

2. Prior to 1993, insurers could require claimants to show that an unidentified vehicle had made physical contact with the claimant before extending uninsured motorist coverage. This "physical contact" requirement was designed to limit fraudulent uninsured motorist claims. See, e.g., Balestrieri v. Hartford Accident & Indem. Ins. Co., 112 Ariz. 160, 163, 540 P.2d 126, 129 (1975). However, in Lowing v. Allstate Insurance Co., 176 Ariz. 101, 106, 859 P.2d 724, 729 (1993), the supreme court overruled Balestrieri and interpreted the Act to require that uninsured motorist coverage protect the insured from "miss and run" drivers whether or not physical contact had occurred. The Court noted that the physical contact requirement was not necessarily a protection against fraud and might prevent legitimate claims. Id. at 107, 859 P.2d at 730.

3. As opposed to the Arizona requirement that the claimant's "representation of the accident" be corroborated, the Washington statute requires that a claimant's "testimony" be corroborated. Thus, Washington courts have determined that under their statute an excited utterance, while not testimony, is admissible to corroborate testimony even though both statements were made by claimant. Nationwide Ins. v. Williams, 71 Wash. App. 336, 858 P.2d 516 (1993). However, a distinction between an excited utterance and testimony is unavailing under the Arizona statute because an excited utterance regarding the accident is no less the claimant's representation of how the accident occurred than is his testimony. The Arizona statute requires something additional.

## B. Skousen's Report Meets The Requirement of The Statute.

¶ 19 State Farm acknowledges that the Skousen report shows that Scruggs's vehicle hit the truck at an angle consistent with Scruggs's description of the accident. However, State Farm argues that there might have been a number of reasons that Scruggs veered to the right that would not have involved an unidentified vehicle. Thus, State Farm asserts that the Skousen report does not corroborate that "the unidentified motor vehicle caused the accident" as the statute requires.

¶ 20 In making this argument, however, State Farm ignores that the statute defines what constitutes corroboration. Under subsection M, an insured "corroborates" that "the unidentified motor vehicle caused the accident" by providing "any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility to the insured's representation of the accident." A.R.S. § 20–259.01(M). Contrary to State Farm's argument, the statute thus does not require that the claimant provide independent corroboration of the actual existence of a "miss and run" vehicle. The statute only requires corroboration of the claimant's depiction of an accident that was caused by such a vehicle. Other states with corroboration statutes have reached similar conclusions. *See, e.g., Gerken v. Mut. of Enumclaw Ins. Co.*, 74 Wash.App. 220, 872 P.2d 1108, 1112 (1994) (claimant "is not required [by the Act] to prove the existence of a phantom vehicle. He need only present evidence which corroborates (strengthens or confirms) his testimony of the phantom vehicle."); *see also Farmers Ins. Exch. v. Colton*, 264 Or. 210, 504 P.2d 1041, 1045 (1972) (corroboration statute does not "require that the claimant's *prima facie* case rest solely on the corroborating evidence").

¶ 21 We similarly hold that once the claimant has provided testimony, fact or evidence "that strengthens and adds weight or credibility" to his representation of how the accident was caused by the "miss and run" vehicle, the claimant has met the statutory requirement. He has done so even if he has not provided independent evidence that an unidentified motor vehicle actually existed.

¶ 22 In this case, the Skousen report did not merely repeat Scruggs's version of events. After a review of the crash pattern on Scruggs's vehicle, the Skousen report confirmed Scruggs's allegation that he veered into the back of the tanker truck at an angle coming from the left.[4] Therefore, Skousen's report was additional to Scruggs's representation of the accident and it bolsters his account.

¶ 23 The trial court agreed, finding that the Skousen report was "additional" to Scruggs's representation. It further found that the report "does add some weight or credibility [to Scruggs's description of the accident] in that an expert is saying that the damage is consistent with the Scruggs representation." Accordingly, the court concluded that "[t]here is additional testimony that would, to some .degree, strengthen the plaintiff's version of the accident."

¶ 24 Even after making these findings, however, the trial court determined that there was a remaining question whether the report was "confirming." We disagree.

¶ 25 Subsection M only uses the word "confirming" in defining corroboration as "any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility to the insured's representation of the accident." A.R.S. § 20–259.01(M). Read in its appropriate statutory context the word "confirming" does not create an additional factual inquiry from those already addressed by the court. Rather, it describes testimony, fact or evidence that "gives new assurance of" the insured's representation of the accident. *See* Black's Law Dictionary 298 (6th ed.1990) (defining "confirm" as "to give new assurance of truth or certainty"). It further specifies that such "new assurance" need only "strengthen[ ] and add[ ] weight or credibility to the insured's representation of the accident." It

4. Had Skousen's report determined that Scruggs did not hit the rear of the truck at an angle, the report, while not disproving Scruggs's account, would not "confirm" Scruggs's representation of the accident. Thus, it would have been inadequate to meet the requirements of subsection M.

does not require more. We agree with the trial court's assessment that Skousen's affidavit and report provide facts that add strength and credibility to Scruggs's representation of the accident. Once the trial court made this determination, it had no need to go further in determining that the statutory corroboration requirement was satisfied. Thus, it erred when it referred the question to arbitration for additional inquiry.

### III. Attorneys' Fees

¶ 26 Scruggs did not request an attorneys' fees award. State Farm did request attorneys' fees pursuant to A.R.S. § 12–341.01. Under A.R.S. § 12–341.01, attorneys' fees for matters arising out of contract are discretionary. *Solar–West, Inc. v. Falk,* 141 Ariz. 414, 421, 687 P.2d 939, 946 (App.1984). In the instant case, State Farm was not completely successful on appeal; thus, we decline to award attorneys' fees to either party.

### CONCLUSION

¶ 27 We conclude that Scruggs cannot compel his insurer to arbitrate the question of whether he sufficiently corroborated his claim. We also conclude that given the uncontested material facts of this case, Scruggs met the corroboration requirements of the statute as a matter of law. We thus reverse the trial court's order granting Scruggs's motion for summary judgment in part and remand to the trial court for further proceedings consistent with this opinion.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and CECIL B. PATTERSON, JR., Judge.