NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHRISTOPHER HAWKINS; NICKOLAS MASCARO; MATTHEW
MASCARO, Minors, by and through their next friend, PATRICIA
MASCARO, individually, *Plaintiffs/Appellees*,

*v.*

SECURA INSURANCE, *Defendant/Appellant*.

No. 1 CA-CV 15-0267
FILED 3-23-2017

Appeal from the Superior Court in Maricopa County
No. CV2011-011925
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Wattel & York, Chandler
By David E. Wattel, Michael L. York, II
*Counsel for Plaintiffs/Appellees*

Hill, Hall & DeCiancio PLC, Phoenix
By Joel DeCiancio, Christopher Robbins
*Co-Counsel for Defendant/Appellant*

The Moulton Law Firm PLLC, Scottsdale
By Timothy L. Moulton, Kathleen M. Kassmann
*Co-Counsel for Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

_____

**T H U M M A**, Judge:

**¶1**         Appellant Secura Insurance provided uninsured motorist coverage to Appellees Patricia Mascaro, Christopher Hawkins and Nickolas and Matthew Mascaro. In this appeal, Secura disputes whether Appellees properly proved that an unidentified cattle truck was partially at fault in causing an accident in which Appellees were injured, triggering coverage under Secura's policy. Secura also contends Appellees' counsel improperly colluded with counsel for defendant Greg Mascaro, the driver of the Mascaro vehicle and Patricia's then-husband, before and during trial. Because Secura has shown no reversible error, the judgment is affirmed.

## FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**         This case arises out of a rollover accident on Interstate 17 near Cordes Junction in 2009. The Mascaro family was traveling in a pickup driven by Greg and towing a "toy hauler" trailer loaded with camping gear and a smaller vehicle. Appellees claim they approached a cattle truck that was driving in the right lane with an open rear door that was scattering hay on the highway. As Greg went to pass the cattle truck, the Mascaro vehicle began to sway and then rolled over. The cattle truck did not stop.

**¶3**         Appellees sued Greg and Secura, alleging Greg and the unidentified cattle truck driver were at fault. The parties stipulated to some of Appellees' damages, while Secura disputed some damages, including Patricia's neck surgeries and Appellees' future medical needs.

_____

[1] On appeal, this court views the evidence in the light most favorable to upholding the jury's verdict. *Powers v. Taser Int'l Inc.*, 217 Ariz. 398, 399 n.1 ¶ 4 (App. 2007).

¶4	Before trial, Secura moved in limine to preclude evidence or argument regarding Secura's alleged "bad faith, claim handling" or "involving the insurance industry generally," arguing that Appellees would "'indict' and 'attack' the insurance companies involved, and the insurance industry generally, and . . . try to 'paint' Secura . . . in a bad light." Appellees disavowed any intention to do so, but stated they did intend "to produce evidence that Secura's handling of the claim was unreasonable." Appellees also argued Secura would portray Patricia as "a malingerer motivated by secondary gain" via testimony from an independent medical examination (IME) physician who Appellees contended was "known for his extreme positions in medicine." The court granted the motion in limine.

¶5	During opening statements, Appellees attacked the IME physician, stating that he was "the real reason why we're here in this trial." Appellees also stated that the IME physician "does repeated work for the same insurance companies" and made more than $500,000 annually doing defense IMEs. Secura twice unsuccessfully moved for a mistrial based on these statements.

¶6	During trial, Patricia and Greg testified that they believed the cattle truck's open door made contact with their vehicle and caused it to roll. Secura contended the cattle truck either did not exist or did not cause or contribute to the accident and presented expert testimony that it never made contact with the Mascaro vehicle. Secura also called the IME physician, who testified that most of the medical treatment Patricia received, including two neck surgeries, was unnecessary and that her continuing pain complaints were "non-organic" in nature.

¶7	After final instructions and closing argument, the jury deliberated and awarded damages as follows:

| | |
|---|---|
| Patricia Mascaro | $2,000,000 |
| Christopher Hawkins | $83,300 ($3,300 for past medical expenses) |
| Nickolas Mascaro | $13,000 ($3,000 for past medical expenses) |
| Matthew Mascaro | $11,000 ($3,000 for past medical expenses) |

A special interrogatory asked: "If you found that the cattle truck was partially at fault, answer the following question: Was the accident caused,

in whole or part, by any physical contact between the cattle truck (including its trailer) and [Greg's] vehicle (including its trailer)?" The jury answered "No." Nevertheless, the jury found the cattle truck driver to be 20 percent at fault and Greg to be 80 percent at fault.

¶8            After the verdict, Secura moved for judgment as a matter of law. *See* Ariz. R. Civ. P. 50(b) (2014).[2] Secura contended the jury's answer to the special interrogatory required Appellees to comply with Arizona Revised Statutes (A.R.S.) section 20-259.01(M), which provides:

> If an insured makes a bodily injury or death claim under uninsured or underinsured motorist coverage based on an accident that involved an unidentified motor vehicle and no physical contact with the motor vehicle occurred, the insured shall provide corroboration that the unidentified motor vehicle caused the accident. For the purposes of this subsection, "corroboration" means any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility to the insured's representation of the accident.

The court denied Secura's motion, finding (among other things) that Greg's testimony "that the unidentified vehicle had its rear door swinging freely" was sufficient corroboration.

¶9            After the entry of final judgment, Ariz. R. Civ. P. 54(c), Secura timely moved for a new trial on these same grounds, Ariz. R. Civ. P. 59. Secura also argued that Appellees' and Greg's counsel "working together . . . attempt[ed] to turn this case into a 'de facto bad faith case' and appeal to the passion, prejudice, and sympathy of the jury by attacking Secura (and the insurance industry)," resulting in excessive damage awards. The court denied this motion, first stating "that its recollection of this trial (which is

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. Secura also apparently moved for judgment as a matter of law orally at the close of Appellees' case and at the close of evidence, although those motions are not in the trial transcripts provided on appeal.

4

distinct) differs substantially from the picture painted by Secura in its motion." The court also noted:

> [T]he focus of the trial was on the accident itself, and disputes over [Appellees'] resulting injuries. . . . To be certain, [Appellees] did aggressively attack [the IME physician], including by noting that he had regularly and repeatedly testified on behalf of defendants, but such a line of questioning is fair play.

The court rejected Secura's collusion allegations, noting counsel "have expressly denied, on several occasions, that they had any agreements" and that "[t]he court observed nothing to the contrary during the trial, and has no reason to disbelieve them." This court has jurisdiction over Secura's timely appeal from the final judgment and denial of its post-trial motions pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶10        The denial of a motion for judgment as a matter of law is reviewed de novo, viewing the evidence in the light most favorable to the non-moving parties. *Glazer v. State*, 237 Ariz. 160, 167 ¶¶ 28-29 (2015); *Desert Mountain Properties Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 200 ¶ 12 (App. 2010). The denial of a motion for new trial, however, is reviewed for an abuse of discretion. *Desert Palm Surgical Group, P.L.C. v. Petta*, 236 Ariz. 568, 581 ¶ 37 (App. 2015). This court views the evidence in the light most favorable to upholding the jury's verdict, *id.* at 578 ¶ 25, and will affirm if there is any substantial evidence that would let reasonable people find the ultimate facts to support the verdict, *Goodman v. Physical Res. Eng'g, Inc.*, 229 Ariz. 25, 28 ¶ 6 (App. 2011). "'Substantial evidence' is 'any relevant evidence from which a reasonable mind might draw a conclusion.'" *Mealey v. Arndt*, 206 Ariz. 218, 221 ¶ 12 (App. 2003) (quoting *Troutman v. Valley Nat'l Bank of Arizona*, 170 Ariz. 513, 518 (App. 1992)).

## I.        Appellees Presented Substantial Evidence To Support Their "Miss and Run" Theory.

¶11        Secura first contends reversal is warranted because the jury rejected Appellees' "hit and run" theory.[3] But Appellees urged both "hit

---

[3] At trial, Secura vigorously disputed whether the cattle truck existed, but on appeal, does not challenge the jury's finding that the cattle truck existed.

and run" and "miss and run" theories at trial. Secura did not object to Appellees' "miss and run" theory at that time, in its motion for judgment as a matter of law or in its motion for new trial. Typically, it is too late to raise an issue the first time on appeal. *County of La Paz v. Yakima Compost Co., Inc.*, 224 Ariz. 590, 606 ¶ 49 (App. 2010).

¶12 Notwithstanding waiver, there is substantial evidence to support Appellees' "miss and run" theory. Patricia testified that the cattle truck's open door created a potential hazard, that she intended to signal the driver to tell him or her the door was swinging around, and that they would not have passed the truck "had there not been hay flying out into the road," indicating that both the door and the debris posed a hazard regardless of whether the vehicles made contact. Greg also testified that, while he believed there was contact between the vehicles, he could not be certain. Given this testimony, the jury properly could consider Appellees' "miss and run" theory. *See Flanders v. Maricopa County*, 203 Ariz. 368, 376 ¶ 49 (App. 2002) ("In considering whether sufficient evidence supports the jury verdict, [this court] . . . do[es] not attempt to reweigh the facts or comb the record for evidence supporting a conclusion or inference different from that reached by the jury.").

## II.    Appellees Presented Sufficient Corroboration Under A.R.S. § 20-259.01(M).

¶13 Secura argues Appellees did not properly corroborate Patricia's depiction of the accident under A.R.S. § 20-259.01(M). Secura claims Greg's corroborating testimony should be disregarded because (1) he and Patricia were still married when the accident occurred and (2) he was a named insured under Secura's policy. This court reviews the proper interpretation of a statute de novo. *Halt v. Gama ex rel. County of Maricopa*, 238 Ariz. 352, 354 ¶ 9 (App. 2015).

¶14 On this unique record, it is unclear whether A.R.S. § 20-259.01(M) applies. Contrary to the parties' arguments, the jury's answer to the special interrogatory does not state there was no contact between cattle truck (including its trailer) and Greg's vehicle (including its trailer). Instead, the jury's answer states that any contact was not a cause of the accident, hereby making it unclear whether A.R.S. § 20-259.01(M) (including its corroboration requirement) applies. Moreover, A.R.S. § 20-259.01(M) is "designed to limit fraudulent uninsured motorist claims" when an injured party claims a phantom vehicle is a cause of the accidence. *Scruggs v. State Farm Mut. Auto. Ins. Co.*, 204 Ariz. 244, 248 ¶ 16 n.2 (App. 2003); *accord Progressive Classic Ins. Co. v. Blaud*, 212 Ariz. 359, 364 ¶ 20 (App. 2006)

("Subsection (M) exists to limit fraudulent claims that might be asserted when insureds claim that an accident was caused by an unidentified vehicle."). The jury here, however, attributed 20 percent of the fault for the accident to the cattle truck, implicitly finding that the cattle truck existed. Given these jury findings, it is unclear whether A.R.S. § 20-259.01(M) applies.[4]

¶15      Even if applicable with full force, the text of A.R.S. § 20-259.01(M) does not disqualify anyone other than the insured asserting the claim from providing corroboration. *See also Scruggs*, 204 Ariz. at 248 ¶ 18 (noting requirement "that the corroborating testimony, fact or evidence be 'additional . . . to the insured's representation of the accident'" precluded statements of insured asserting the claim, at different times, from being the "additional" representation required). Greg, however, properly could corroborate Patricia's depiction of the accident under A.R.S. § 20-259.01(M) because, even though he was a named insured, he did not make a claim under Secura's policy.

¶16      Secura argues Greg cannot corroborate Patricia's testimony because "[h]e had every incentive to say whatever he thought would most benefit his wife and sons regarding the . . . cattle truck." But such bias is not a disqualifier under the statute, meaning Greg's testimony could be considered. Secura's argument addresses the weight to be given Greg's testimony, not its admissibility. *Maricopa County v. Barkley*, 168 Ariz. 234, 240 (App. 1990). The jury apparently found Greg's testimony credible, and Secura offers no legal reason to alter that finding or to suggest that this court could or should reweigh that evidence. *See Inter-State Fidelity Bldg. & Loan Ass'n v. Hollis*, 41 Ariz. 295, 298 (1933) ("[T]he credibility of witnesses is a question for the jury and not for an appellate court."); *see also Flanders*, 203 Ariz. at 376 ¶ 49 (noting, in considering sufficiency of the evidence, this court does "not attempt to reweigh the facts").

¶17      Secura next argues that Greg's testimony did not constitute corroboration because Patricia never "offered a 'representation' of how the [cattle truck] *caused* the accident." The record indicates otherwise. Patricia testified that the cattle truck door was open and swinging and that so much hay was coming out of the cattle truck that it appeared to be snowing. She

---

[4] Because the application of A.R.S. §20-259.01(M) was raised in the context of summary judgment motions in *Blaud* and *Scruggs*, those cases admittedly did not decide this issue. *Blaud*, 212 Ariz. at 360 ¶ 1; *Scruggs*, 204 Ariz. at 249 ¶ 5. The unique procedural aspect of this case, however, makes it unclear whether A.R.S. § 20-259.01(M) applies.

also testified that both the door and the hay flying into the road created potential hazards that led them to decide to pass the cattle truck. She further testified that she began to feel a sway when they tried to pass that increased in intensity and, in turn, led to the accident. Greg's testimony as to how the accident occurred was similar to Patricia's in almost all respects. *See Scruggs*, 204 Ariz. at 249 ¶ 20 (stating that § 20-259.01(M) "only requires corroboration of the claimant's depiction of an accident that was caused by such a vehicle"). On this record, Greg properly corroborated Patricia's description of how the cattle truck contributed to the accident even without contacting the Mascaro vehicle.

**¶18** Secura also offers its view of the trial record to suggest Appellees presented no evidence showing the cattle truck driver was at fault. "[T]he question of causation is one of fact for a jury except in those instances where no reasonable persons could disagree." *Molever v. Roush*, 152 Ariz. 367, 374 (App. 1986). As described above, Patricia's testimony and Greg's corroboration, combined with Secura's expert's concession that the open rear door could have been hazardous to other drivers, support the jury's finding that the cattle truck driver was partially at fault. *Flanders*, 203 Ariz. at 376 ¶ 49.

### III. Secura Has Not Shown Misconduct By Counsel Requiring Reversal.

**¶19** Secura next contends that Appellees' and Greg's counsel colluded to help Appellees obtain an excessive verdict. New trials based on misconduct of counsel are granted sparingly. *Anderson Aviation Sales Co., Inc. v. Perez*, 19 Ariz. App. 422, 429 (1973). A new trial is warranted if the record "clearly establishes that . . . improper conduct caused the jury to return a verdict which was the result of passion and prejudice." *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 452 (1982). Verdict size alone, however, does not establish passion or prejudice. *Ahmad v. State*, 240 Ariz. 381, 383-84 ¶ 9 (App. 2016) (citing *Hutcherson v. City of Phoenix*, 192 Ariz. 51, 56 ¶ 27 (1998)). A decision denying a new trial for alleged misconduct will stand absent a showing of clear error. *Bledsoe v. Salt River Valley Water Users' Ass'n*, 179 Ariz. 469, 473 (App. 1994).

**¶20** Secura first points to five (of 268) PowerPoint slides in Appellees' counsel's opening statement labeled "Insurance Company Contentions." From the record, it is unclear which slides were shown to the jury during opening statement. Moreover, Secura does not contend that these slides unfairly represented its positions. In addition, the superior court instructed the jury that (1) statements by the lawyers are not evidence;

(2) "[a]n opening statement is not evidence" and (3) Secura was entitled to the same fair and impartial consideration as all other parties, and this court presumes that jurors follow such instructions. *Glazer v. State*, 234 Ariz. 305, 321 ¶49 (App. 2014) (citing cases), *vacated in part on other grounds*, 237 Ariz. 160 (2015). The fact that Appellees accurately called Secura an insurance company is not enough to overcome this presumption. Nor is Secura's unsupported contention that "[j]uries dislike wives suing husbands, but they dislike insurance companies more." The superior court is well-equipped to "dispatch those who would practice fraud upon the courts" in an interspousal tort case and saw no basis or reason to do so here. *Fernandez v. Romo*, 132 Ariz. 447, 451 (1982) (quoting *Rupert v. Stienne*, 528 P.2d 1013, 1015 (Nev. 1974)).[5]

**¶21**     Secura next argues counsel's attacks on the IME physician constituted misconduct. Secura again points to opening statements, where Appellees' counsel stated that the IME physician was "slick" and that "[a]ll the work he does is for the defense," having been retained by "40 different law firms in one year," and related slides. It appears the superior court essentially sustained Secura's objections to two of these slides and ordered that they be taken down. Still, attempts to portray an opposing expert as biased are not out of bounds. *See, e.g.*, *Lund v. Donahoe*, 227 Ariz. 572, 579 ¶ 21 (App. 2011) ("Arizona has a long-favored practice of allowing full cross-examination of expert witnesses, including inquiry about the expert's sources, relations with the hiring party and counsel, possible bias, and prior opinions") (quoting *Ariz. Indep. Redist. Comm'n v. Fields,* 206 Ariz. 130, 143 ¶ 43 (App. 2003)). Secura offers nothing to suggest the court was required to have done more than it did at trial.

**¶22**     Secura asks rhetorically "[i]f the driver of the phantom cattle truck had been sitting at the defense table . . . would the attorneys have tried the case in the same way and would the court have allowed it?" Had the cattle truck driver retained the same IME physician to testify, it is quite likely that counsel would have argued he was biased in favor of defendants, and Secura offers no reason why counsel would be precluded from doing so. *Lund*, 227 Ariz. at 579 ¶ 21; *see also Am. Family Mut. Ins. Co.*, Ariz. at 512 ¶ 15 (App. 2009) ("an expert's relations with the hiring party and its counsel

---

[5] Accordingly, this court does not further address Secura's allegations of misconduct outside of the presence of the jury, including alleged collusion between counsel for Appellees and Greg. Both counsel repeatedly denied having any agreements, Secura presents no evidence to the contrary and the superior court stated that it had no reason to disbelieve counsel.

are proper subjects of cross-examination") (internal quotation marks and citation omitted).

**¶23**        Secura highlights an alleged "reference [in opening statement] to undisclosed anticipated testimony from Greg, accusing Secura of delay and conducting an unreasonable investigation." In doing so, Secura cites only its motion for new trial, which referred to its oral motions for mistrial. While the sidebar discussions of Secura's mistrial motions are in the record on appeal, the alleged "reference" itself is not.

**¶24**        Secura also argued in its motion for new trial that Appellees' and Greg's cross-examination of its accident reconstruction expert implied that "Secura, *and its experts* . . . completed an improper, unfair, delayed or inadequate investigation." Secura, however, did not timely object on these grounds. Moreover, the only clear reference to an inadequate investigation came during an earlier sidebar and related to Secura's expert, not Secura. Litigants properly may challenge the adequacy of the investigation by opposing experts in reaching their opinions. *Lund*, 227 Ariz. at 579 ¶ 21.

## IV.    Secura Has Not Shown The Verdict Was Motivated By Passion Or Prejudice.

**¶25**        Secura asks this court to essentially presume the alleged misconduct described above caused the jury to return an excessive verdict. This court, however, will not disturb a jury's damages award absent a showing that the award was motivated by passion or prejudice. *Ahmad*, 240 Ariz. at 383 ¶ 9. Secura has made no such showing.

**¶26**        Even if Secura could show any of the alleged misconduct took place, the verdict does not appear excessive. Evidence of record shows Patricia's surgeries, Appellees' medical expenses as of trial totaling more than $350,000 and Appellees' future medical needs. On this record, Secura has made no showing requiring the superior court or this court to set aside the jury's verdict. *See Acuna v. Kroack*, 212 Ariz. 104, 114 ¶ 36 (App. 2006) (noting this court "will not disturb a jury's damage award unless it is 'so unreasonable and outrageous as to shock the conscience of this court'") (quoting *Hutcherson*, 192 Ariz. at 57 ¶ 3); *Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 184 Ariz. 120, 136 (App. 1995) (in reviewing jury's damages verdict, this court "accord[s] the greatest possible discretion to the [superior] court because, like the jury, it has had the opportunity to hear the witnesses and observe the demeanor of witnesses").

**CONCLUSION**

**¶27** The judgment is affirmed. Both sides seek attorneys' fees and taxable costs on appeal. Secura's requests are denied. The jury found Secura liable on an uninsured motorist claim, which arises out of contract. A.R.S. § 12-341.01(A); *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 219 ¶ 1 (App. 2012). Accordingly, Appellees' request is granted and they are awarded reasonable attorneys' fees and taxable costs incurred on appeal upon their compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA